KING, P.J,
for the Court:
¶ 1. Phillip Knichel, acting pro se, appeals the dismissal of his request for post-conviction relief by the Winston County Circuit Court. Knichel raises three issues for this Court’s review that we cite verbatim:
*660 I. Appellant’s motion for post-conviction relief and supporting affidavits and papers provided sufficient evidentiary facts and conclusory [sic] allegations to state claim for relief on its face such that defendant was entitled to evidentia-ry hearing with respect to his allegations.
II. The court erred in dismissing defendant’s motion without any evidentiary hearing.
III. The circuit court failed to state why defendant’s motion for post-conviction relief held no merit, or to state any case’s to base its denial on. -
¶ 2. However, these three issues boil down to a single question, which is: whether the trial court erred in denying Knichel an evidentiary hearing. Finding no error, we affirm.
FACTS
¶ 3. On July 24, 1999, Knichel escaped from a state correctional facility in Winston County, Mississippi. At the time of his escape, Knichel was serving sentences for robbery and motor vehicle theft of fifteen years and three years, respectively. Knichel was captured on the same day of his escape.
¶ 4. On October 25, 1999, Knichel was indicted for escape pursuant to Miss. Code Ann. § 97-9-49(l)(Rev.2000) and as an habitual offender pursuant to Miss.Code Ann. § 99-19-81 (Rev.2000). On November 15, 1999, Knichel entered a plea of guilty to the charge of escape. The trial court found that Knichel’s plea was voluntarily and intelligently made. The trial court determined that Knichel’s punishment for escape should be enhanced because of his prior convictions of robbery and motor vehicle theft. Accordingly, Kni-chel was sentenced to serve three years in the custody of the Mississippi Department of Corrections, without reduction; suspension, parole or probation.
¶ 5. On August 9, 2001, Knichel, pro se, filed a motion for post-conviction relief. On August 24, 2001, the circuit court denied Knichel’s motion for post-conviction relief.
ANALYSIS
Whether the trial court erred in denying Knichel an evidentiary hearing.
¶ 6. On appeal, Knichel argues several reasons why an evidentiary hearing should have been conducted. Knichel argues that his plea was involuntarily entered* that his counsel was ineffective, that his indictment was defective and that there existed evidence of material fact to grant an eviden-tiary hearing.
¶ 7. Mississippi Code Annotated Section 99-39-9(1) provides that a motion for post-conviction relief must include (1) a concise statement of the grounds for relief, (2) a sworn statement of those facts within the prisoner’s personal knowledge, and (3) a statement of facts outside of the prisoner’s personal knowledge and how or by whom these facts will be proven. Affidavits of these persons and any supporting documents should also be attached.
¶ 8. Upon receipt of this information, Section 99-39-11(1) requires the judge to examine promptly “[t]he original motion, together with all of the files, records, transcripts and correspondences relating to the judgment under attack.” If after doing so, it appears that the movant is not entitled to any relief, the trial judge, pursuant to Section 99-39-11(2), is authorized to enter an order of dismissal without conducting an evidentiary hearing. Clearly, the decision to deny an evidentiary hearing is a matter within the sound discretion of the trial court. Stovall v. State, 770 So.2d *661 1019(¶ 8) (Miss.Ct.App.2000). The record before this Court does not suggest that the trial court’s discretion was abused.
¶ 9. Knichel failed to present in, or as a part of, his post-conviction relief motion, facts suggesting any possible entitlement to relief. Accordingly, the trial court, pursuant to Section 99-39-11(2) of the Mississippi Code Annotated, was within its discretion to dismiss Knichel’s motion without conducting a formal evidentiary hearing.
¶10. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.