McMILLIN, C.J.,
for the court.
¶ 1. Eric Shinall pled guilty in Claiborne County Circuit Court to one count of armed robbery and was sentenced to serve a term of seven years. He filed a motion for post-conviction relief in the circuit court raising three issues: (a) ineffective assistance of counsel, (b) improper indictment and (c) a claim that his' plea was involuntary. The circuit court summarily denied the motion without an evidentiary hearing. Shinall has appealed the denial of his motion to this Court and presents the same issues for consideration. Finding no basis to grant relief, we affirm the decision of the trial court.
I.
Scope of Review
¶ 2. When reviewing a circuit court’s decision to deny a petition for post-conviction relief, this Court will not disturb the court’s factual findings unless we conclude them to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
II.
Ineffective Assistance of Counsel
¶ 3. “To successfully claim ineffective assistance of counsel the Defendant must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).” Moody v. State, 644 So.2d 451, 456 (Miss.1994). The defendant must demonstrate first the deficiency of counsel’s performance, and second that the deficiency prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. There is a strong yet rebuttable presumption that counsel performed competently and a party contending otherwise must demonstrate a reasonable probability that, but for counsel’s errors, he would have received a different result. Moody, 644 So.2d at 456. This Court looks at the totality of the circumstances, with deference towards counsel’s actions, to find a factual basis for the claim. Id.
¶ 4. Shinall claims that his trial counsel failed to inform him of all the evidence against him. In particular, he asserts that he was not informed of the contents of a statement by a witness to the robbery that allegedly contained inconsistencies when compared with the victim’s statement. Shinall contends that had he known of this statement, he could have evaluated the inconsistencies in the two *1293 statements and more effectively evaluated the strength of the case against him.
¶ 5. Shinall offers only his own allegations to support this aspect of his claim for relief. The contents of this contradictory statement are proven only by Shinall’s assertions as to what he was allegedly told by an unidentified police officer. In order to be entitled to an evidentiary hearing on a post-conviction relief motion, the movant cannot rely upon mere allegations in the pleading; rather, he must demonstrate, through affidavits or otherwise, that factual evidence exists to prove the allegations. Miss.Code Ann. § 99-39-9(e) (Rev.2000). If such affidavits cannot be obtained, the movant must show, in detail, good cause for the failure. Id. When the only basis for relief is the uncorroborated assertion of the petitioner, the motion may be dismissed without a hearing in reliance on the provisions of Mississippi Code Annotated section 99-39-11. State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000).
¶ 6. In this case, Shinall has failed to produce the alleged statement or to satisfactorily explain his inability to do so. Without the statement, the circuit court could not engage in any meaningful analysis as to the impact of such evidence on the strength of the State’s case and, thus, the advisability of Shinall’s decision to accept a sentence recommendation that, by his own admission, was favorable in light of the maximum sentence available under the statute.
¶ 7. The circuit court did not err in denying relief on this basis.
III.
Improper Indictment
¶ 8. Shinall urges that his indictment was defective because it stated that the crime was committed on or about the 8th day. of August, 1998 — a time that Shi-nall claims he was already incarcerated and, therefore, he could not have been guilty of committing the offense. In actuality, this claim cannot be viewed as a defect in the indictment. Rather, the assertion that Shinall was in custody of law enforcement officers on August 8, 1998, would, at best, provide him with a viable defense to the charge in the indictment. Nevertheless, there is ample authority for the proposition that erroneous assertions of the date where time is not of the essence of the offense are matters of form and not of substance and may be cured by amendment. Baine v. State, 604 So.2d 258, 261 (Miss.1992). Such alleged defects in the indictment are waived by a valid plea of guilty. Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990). Shinall admitted as a part of the process of entering a guilty plea to committing the essential elements of the crime. Any discrepancy as to the exact date of the offense was waived in that process.
IV.
The Voluntary Nature of Shinall’s Plea
¶ 9. Shinall claims that he wanted to go to trial, but that he was afraid to do so because of his lack of knowledge concerning the extent of the State’s available evidence against him. This, according to Shinall’s argument, renders his guilty plea an involuntary one. It is the view of this Court that this is merely another version of Shinall’s argument concerning the ineffectiveness of defense counsel. Shinall asserted before the trial court that his plea was voluntary at the time it was offered. He has subsequently shown no concrete facts by which either the trial court or this Court could make a meaningful determina *1294 tion that his lack of knowledge • of the contents of an alleged witness’s statement — a statement that is not in the record nor is its absence justified — somehow renders his plea so uninformed as to be involuntary. His failure to plead specific facts that would justify the granting of an evidentiary hearing on the merits of his claims and to demonstrate his ability to provide competent evidence of the existence of those facts leads us to conclude that the trial judge was correct in dismissing Shinall’s motion without a hearing.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.