855 So.2d 1012 (2003)
James E. JEFFERSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00929-COA.
Court of Appeals of Mississippi.
September 16, 2003.
James E. Jefferson (pro se), attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
*1013 IRVING, J., for the Court.
¶ 1. On May 24, 2002, the Circuit Court of Grenada County summarily denied James Earl Jefferson's petition for post-conviction relief. Jefferson appeals, asserting that his counsel was ineffective because he (1) failed to investigate the facts of the case and timely subpoena a witness for trial, (2) failed to move to quash the fatally defective indictment, (3) and failed to prevail on a motion to suppress evidence that was illegally seized.
¶ 2. The record before this Court does not suggest that the trial court abused its discretion in denying Jefferson's petition. Therefore, we affirm the decision of the trial court.

STATEMENT OF THE CASE
¶ 3. Jefferson was indicted as an habitual offender for possession of 3.95 grams of cocaine. His indictment listed four previous felony convictions, one of which was a crime of violence, armed robbery. In the midst of his trial, he pleaded guilty upon the advice of counsel that he would most likely be convicted and sentenced to life imprisonment as an habitual offender. It also appears from the record that this indictment was amended to drop the previous conviction of armed robbery, from the recitation of previous convictions that supported enhanced sentencing as an habitual offender, as Jefferson was sentenced to only sixteen years' imprisonment under Mississippi Code Annotated Section 99-19-81 (Rev.2000), rather than life imprisonment, under Mississippi Code Annotated Section 99-19-83 (Rev.2000).
¶ 4. Approximately a year and nine months after being convicted and sentenced, Jefferson filed a petition for post-conviction relief. Essentially, the petition alleged that he was illegally searched, that the indictment was defective and that he was denied effective assistance of counsel because his attorney failed to timely subpoena a witness and move to quash the defective indictment. As we have already noted, the petition was summarily denied by the trial court as lacking merit.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. A trial court's grant of summary judgment, without an evidentiary hearing on a petition for post-conviction relief, is proper if, from the pleadings and records, it appears the movant is not entitled to relief. Knichel v. State, 824 So.2d 659, 660(¶ 8) (Miss.Ct.App.2002). The decision to deny an evidentiary hearing is a matter within the sound discretion of the trial court. Stovall v. State, 770 So.2d 1019, 1021(¶ 8) (Miss.Ct.App.2000).
¶ 6. The record does not contain a copy of the transcript of either the plea or sentencing hearing. It does, however, contain a copy of Jefferson's sworn petition to enter a guilty plea. Paragraph twelve of the petition states in part: "I believe that my lawyer has done all that anyone could do to counsel and assist me. I am satisfied with the advice and help he has given me." The second sentence is typed in bold uppercase letters.
¶ 7. Jefferson's statements in his petition for post-conviction relief about the inadequacy of his trial counsel's service contradict the statements regarding his counsel's service that he made in his sworn petition to enter a guilty plea. "Great weight is given to statements made under oath and in open court during sentencing." Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999). Moreover, his petition for post-conviction relief was not verified under oath as required by Mississippi Code Annotated section 99-39-9 (Supp.2002).
¶ 8. In asserting a claim of ineffective assistance of counsel, a claimant must *1014 satisfy a two prong test: (1) that his counsel's performance was deficient, and (2) that this supposed deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test is reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable. Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985). The burden to prove both prongs of the test rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The application of the Strickland test is done with deference to counsel's performance, considering the totality of circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996).
¶ 9. Jefferson apparently was detained and searched when he attempted to leave a crime scene, and the search revealed that he possessed the cocaine for which he was indicted. Jefferson alleges that his attorney was ineffective for failing to subpoena, for the suppression hearing, a witness named John Beck and for failing to timely subpoena the same witness for trial. He contends that Beck's testimony would have resulted in the suppression of the evidence of the cocaine. Therefore, he argues that his counsel was ineffective for failing to subpoena Beck in time for the suppression hearing.
¶ 10. The record discloses that a subpoena for Beck issued on August 11, 2000, three days prior to trial and the entry of the guilty plea. However, there is no indication that the subpoena was served or whether in fact Beck was available to testify. Jefferson failed to comply with the requirements of Mississippi Code Annotated section 99-39-9(1)(e) (Rev.2000), since he did not incorporate an affidavit attesting to the testimony that Beck would have given, although he did allege in the petition that he filed in the trial court that Beck would have supported his testimony that he was prevented from leaving the crime scene.
¶ 11. A petition that fails to incorporate an affidavit attesting to facts outside the personal knowledge of the petitioner fails to meet the statutory requirement for post-conviction relief motions. See Miss.Code Ann. § 99-39-9 (Supp.2002). Cf. Shinall v. State, 832 So.2d 1291, 1293(¶ 6) (Miss.Ct.App.2002) (holding that a movant cannot rely on his pleadings and that he is not entitled to an evidentiary hearing unless he demonstrates through affidavits or otherwise that factual evidence exists to prove the allegations of his petition). Even if Jefferson would have included an affidavit from Beck indicating what Beck's testimony would have been, it would have availed him naught because the admission of the evidence regarding the cocaine was not dependant on whether Jefferson was prevented from leaving a crime scene but on whether the contraband was in plain view or whether there was probable cause for the search which produced it. Moreover, a plea of guilty waives any evidentiary issue. Bishop v. State, 812 So.2d 934, 945(¶ 39) (Miss.2002). Therefore, the proof that Jefferson presented to the circuit court was insufficient on its face to sustain a claim that counsel rendered ineffective assistance for allegedly failing to subpoena, and timely subpoena, a witness.
¶ 12. Jefferson also contends that the indictment was fatally flawed because it both failed to list the previous convictions for which enhanced sentencing was justified within the body of the indictment, and the recitation of "against the peace and dignity of the State of Mississippi" was placed above the listing of previous convictions. Jefferson contends his counsel *1015 was ineffective for failing to object to the indictment's defect.
¶ 13. However, the indictment does charge Jefferson as an habitual offender within the body of the indictment, before the recitation of "against the peace and dignity of the State of Mississippi." Therefore, the indictment was not faulty. See McNeal v. State, 658 So.2d 1345, 1350 (Miss.1995). Thus, Jefferson's counsel was not deficient in not objecting to the indictment. Additionally, even if the indictment had been faulty because it failed to include the listing of previous convictions within its body, it would have been curable by amendment. See Brandau v. State, 662 So.2d 1051, 1054 (Miss.1995). Moreover, a guilty plea waives all non-jurisdictional defects in the indictment. Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001). Therefore, even assuming Jefferson's counsel erred in not raising the issue, no prejudice is shown.
¶ 14. We find that the trial court did not abuse its discretion in denying Jefferson's petition without an evidentiary hearing, for without a doubt, the petition was frivolous.
¶ 15. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.