912 So.2d 159 (2005)
Robert Lee BUCKHALTER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00975-COA.
Court of Appeals of Mississippi.
June 28, 2005.
Rehearing Denied October 11, 2005.
Robert Lee Buckhalter, appellant, pro se.
Office of the Attorney General by Billy L. Gore, Cono Caranna, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
*160 IRVING, J., for the Court.
¶ 1. Robert Lee Buckhalter pleaded guilty in the Circuit Court of Stone County to possession of a controlled substance with intent to transfer or distribute. He was sentenced as a habitual offender to ten years in the custody of the Mississippi Department of Corrections. Thereafter, Buckhalter filed a motion for post-conviction relief. The trial judge denied the motion without a hearing, and Buckhalter has appealed.
¶ 2. We find no reversible error; therefore, we affirm the judgment of the trial court.

FACTS
¶ 3. In March 2003, a Stone County grand jury indicted Buckhalter for possession of a controlled substance with intent to distribute or transfer. The indictment was later amended to reflect Buckhalter's status as a habitual offender. In September 2003, Buckhalter pleaded guilty to the charges set forth in the indictment and was sentenced to ten years as a habitual offender in the custody of the Mississippi Department of Corrections. Less than two months after pleading guilty, Buckhalter filed a pro se motion for post-conviction relief. In the motion, Buckhalter argued that he was entitled to be resentenced on simple possession, or alternatively, that he was entitled to have all charges dismissed. Buckhalter's contentions were based on his allegation that certain members of the Mississippi Bureau of Narcotics had given false testimony regarding the nature of the charge against him and that he was supposed to have been given three years instead of the ten years which he received. Specifically, Buckhalter alleged that records at the Stone County Justice Court and the Stone County Jail would support his allegation that he was supposed to be charged with possession only. As already mentioned earlier in this opinion, the trial judge found that the motion lacked merit and entered an order denying the motion without the benefit of an evidentiary hearing.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. On appeal, Buckhalter has filed a rambling pro se brief wherein he makes various allegations which, in his view, prove that the trial court erred in not granting him any relief. Those sundry allegations revolve around the legality of Buckhalter's arrest, the subsequent search of his person, and the refusal of the trial court to grant his motion to suppress the contraband which was found during the personal search. Additionally, Buckhalter alleges that he was not represented by the attorney who had been appointed in justice court to represent him and that he was improperly charged as a habitual offender.
¶ 5. "When reviewing a lower court's decision to deny a petition for post-conviction relief, [this Court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).
¶ 6. Mississippi law authorizes a trial judge to summarily dismiss a motion for post-conviction relief without the benefit of an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code Ann. § 99-39-11(2) (Rev.2000).
¶ 7. The record reflects that Buckhalter pleaded guilty as a habitual offender *161 to the possession of cocaine with the intent to transfer or distribute. Although a transcript of the actual plea hearing is absent from the record, a sworn copy of Buckhalter's petition to enter a guilty plea and a copy of his sentencing order are provided for our review. The sworn petition, which was signed by Buckhalter and his attorney, states in pertinent part: "I offer my plea of `guilty' freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the indictment and in this petition and in the certificate of my lawyer which follows."
¶ 8. Similarly, Buckhalter's sentencing order states that Buckhalter was advised of his constitutional rights and the consequences associated with the entry of a guilty plea. The order specifically states, in the form and case as shown, the following:
The Court thereupon found that the Defendant knowingly and voluntarily waived his constitutional rights to trial; that the plea of guilty was freely and voluntarily made; the Defendant is GUILTY based upon the facts presented to the Court and the Court Adjudicated the Defendant to be Guilty of Possession of Controlled Substance with Intent, MS Code 41-29-139(a)(1) as Habitual MS Code 99-19-83.

¶ 9. We find that both documents reflect that Buckhalter voluntarily and knowingly entered his guilty plea to the charges set forth in the indictment. The law is well settled in Mississippi jurisprudence that "[a] valid guilty plea admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990) (citing Houston v. State, 461 So.2d 720, 723 (Miss.1984)). A guilty plea also waives any evidentiary issue. Jefferson v. State, 855 So.2d 1012, 1014 (¶ 11) (Miss.Ct.App.2003) (citing Bishop v. State, 812 So.2d 934, 945 (¶ 39) (Miss. 2002)). Therefore, we find that with the exception of his ineffective assistance of counsel claim, Buckhalter's guilty plea effectively waived all of the allegations which undergird his claim that the trial court improperly denied his motion for post-conviction relief.
¶ 10. We next address Buckhalter's ineffective assistance of counsel claim. We first note that in the trial court, the complaint about counsel was that the attorney who was initially appointed to represent him was not the attorney who represented him in the change of plea proceedings. On appeal, it appears Buckhalter has abandoned in part that complaint and now complains about a lack of effective representation on the part of both attorneys. He contends, among other things, that his attorney(s) failed to file certain pre-trial motions and investigate the charges against him.
¶ 11. To establish an ineffective assistance of counsel claim, Buckhalter must show (1) a deficiency in counsel's performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 12. A review of the record reveals that Buckhalter has failed to establish both elements of the Strickland test. Even if his attorney's performance at trial could be considered deficient in failing to do those things alleged by Buckhalter, he has yet to prove the requisite showing of prejudice to support an ineffective assistance of counsel claim. "Assertions of error without prejudice do not trigger reversal." Nicholson on Behalf of Gollott v. State, 672 So.2d 744, 751 (Miss.1996) (citing Hatcher v. Fleeman, 617 So.2d 634, 639 (Miss.1993)). Further, Buckhalter's ineffective assistance of counsel allegations are contradicted *162 by the record. The plea agreement signed by Buckhalter specifically addressed the adequacy of his counsel, and Buckhalter failed to offer a complaint.
¶ 13. Finally, we note that Buckhalter failed to offer additional proof or affidavits to support his ineffective assistance of counsel claim. "[Our appellate courts have] implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, his ineffective assistance of counsel claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (citing Brooks, 573 So.2d at 1354). Thus, Buckhalter's argument to the contrary is without merit. Accordingly, we find that the trial judge properly dismissed Buckhalter's motion without the benefit of a hearing because it was manifestly without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO STONE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.