MYERS, P.J.,
for the Court.
¶ 1. Willie Keith Starks pleaded guilty in the Circuit Court of Oktibbeha County to statutory rape. Thereafter, Starks filed a motion for post-conviction relief, arguing that he received ineffective assistance of counsel and that his guilty plea was entered involuntarily. The Circuit Court of Oktibbeha County dismissed Starks’s petition. On appeal, Starks argues that the circuit court erred by dismissing his motion. Finding no error, we affirm the circuit court’s dismissal.
FACTS
¶ 2. On January 21, 2005, a grand jury indicted Starks on one count of exploitation of children and one count of statutory rape. Starks pleaded guilty to statutory rape and received a twenty-two-year sentence. The State retired the exploitation of children charge to the file. Two years later, Starks filed a motion for post-conviction relief in the Circuit Court of Oktib-beha County asserting that his counsel had rendered ineffective assistance and that his guilty plea had been entered involuntarily. The circuit court dismissed the action. Starks now appeals the dismissal of his post-conviction relief motion to this Court.
DISCUSSION
I. WHETHER STARKS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 3. In order to prevail on the issue of ineffective assistance of counsel, the defendant “must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.” Kinney v. State, 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The test set forth in Strickland to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well. Id. “There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.” Id. (citation omitted).
¶ 4. Starks argues that his counsel was deficient for a myriad of reasons: counsel only filed one pre trial motion, counsel conducted no investigation, counsel conducted no interviews, and counsel only met with Starks one time.
¶ 5. Starks supports this claim only by his own affidavit. However, a prisoner’s ineffective assistance of counsel claim is without merit when the only proof offered of the claim is the prisoner’s own affidavit. Buckhalter v. State, 912 So.2d 159, 162(¶ 13) (Miss.Ct.App.2005) (citing Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). Moreover, Starks signed a plea agreement, which stated in pertinent part, that he was satisfied with the advice and help of his counsel. In his plea colloquy, Starks was asked by the trial judge if he was satisfied with the help and advice that he had received from his counsel. He answered in the affirmative. The excerpt of the plea colloquy is as follows:
*1247 Q: Are you satisfied with the advice and help that Mr. Brown has given you?
A: Yes, sir.
Starks’s ineffective assistance of counsel argument is rebutted by a lack of evidence, as well as his own statements. Thus, this issue is without merit.
II. WHETHER STARKS’S PLEA WAS VOLUNTARY.
¶ 6. The standard of review pertaining to the voluntariness of guilty pleas is well settled: “[The appellate court] will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.” House v. State, 754 So.2d 1147, 1152(¶ 24) (Miss.1999). “The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence.” Terry v. State, 839 So.2d 543, 545(¶ 7) (Miss.Ct.App.2002). A guilty plea is considered “voluntary and intelligent” only if the defendant is advised about the nature of the'charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 7. Starks argues that his plea agreement was the product of threats and coercion, and it was not knowingly, willingly, and voluntarily given. Starks’s contention is again refuted by his plea agreement and his plea colloquy. Starks consented to the plea agreement and signed it voluntarily. During his plea colloquy, the trial judge asked Starks if anyone was forcing him to plead guilty, offered him any promises or rewards in return for his guilty plea, threatened him or his family, and whether he was under the influence of any drugs or alcohol. Starks responded to each question in the negative. The plea colloquy provides:
Q: Mr. Starks, who is making you plead guilty here today?
A: Me.
Q: Okay. Has anybody offered you any money or promised you any rewards or hopes of leniency to get you to plead guilty?
A: No, sir.
Q: Has anybody threatened you, said they would harm you or your family, or anything like that if you didn’t plead guilty?
A: No, sir.
Q: Are you under the influence of any drugs or alcohol or undergoing any mental treatment at this time?
A: No, sir.
¶ 8. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
From this evidence, it is clear that Starks’s plea agreement was entered into knowingly, willingly, and voluntarily, and the plea agreement was not the result of any threats or coercion. Thus, Starks’s argument is without merit. Accordingly, we affirm the trial court’s dismissal of Starks’s motion for post-conviction relief.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.