CARLTON, J.,
for the Court:
¶ 1. Ricky Gavin appeals the Jones County Circuit Court’s denial of his motion for post-conviction relief. Gavin asserts the following as error:[1] (1) whether the trial court violated the Eighth Amendment to the United States Constitution; (2) whether the trial court erred in sentencing him to life without benefit of parole; (3) whether his appointed counsel was prejudiced against him; (4) whether his guilty plea was involuntary due to ineffective assistance of counsel; (5) whether, if not for ineffective assistance of counsel, the outcome of this case would have been different; (6) whether the crime of aggravated assault, rather than capital murder, or aiding and abetting, was supported by the evidence; and (7) whether the trial court erred in not allowing an evidentiary hearing. Finding no error, we affirm.
FACTS
¶ 2. On March 3, 2009, Gavin was indicted by a Jones County grand jury for capital murder in violation of Mississippi Code Annotated section 9T — 3—19 (2) (e) (Rev. 2006).[2] A plea hearing was held before the Jones County Circuit Court on November 4, 2009. At the plea hearing, the State provided that if the case went to trial, it would show that Gavin and his co-defendant, Kenya Yvette Davis, went to Rebecca Ann McLain Pruitt’s home for the purpose of committing a robbery at her house. The State explained that it would prove that Pruitt allowed Gavin and Davis into her house and ate with them. Further, the State provided that it would prove, through Gavin’s confession, that as they were leaving, Gavin struck Pruitt with his fist knocking her to the ground. The State provided that Pruitt was then murdered in her home by and through the actions of Gavin and/or Davis. Finally, the State said that they would corroborate this confession by the evidence that was recovered, including Pruitt’s flat screen television, car, cell phone, and purse. At the conclusion of the plea hearing, Gavin pled guilty to the capital murder of Pruitt, and the trial court sentenced Gavin to life without the benefit of parole in the custody of the Mississippi Department of Corrections (MDOC).
¶ 3. On April 15, 2010, Gavin filed a PCR motion, which the trial court denied on August 30, 2010. Aggrieved, Gavin appeals.
STANDARD OF REVIEW
¶ 4. The standard of review in cases involving the trial court’s denial of a PCR motion is well established: “When reviewing a lower court’s decision to deny a petition for post-conviction relief, an appellate court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss Ct.App.2010) (quoting Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008)).
DISCUSSION
I. CONSTITUTIONALITY OF SENTENCE
A. AIDING AND ABETTING
¶ 5. Gavin argues that the trial court violated the Eighth Amendment in *573 imposing his sentence of life without benefit of parole. See Mississippi Code Annotated sections 97-3-19(2)(e), 97-3-21 (Rev. 2006), and 47 — 7—3(1)(e) (Supp.2011). Gavin asserts that, at his plea hearing, the district attorney stated that if the case went to trial, an aiding-and-abetting jury instruction would be submitted to the jury by the State. Gavin contends, however, that the Eighth Amendment does not permit the imposition of the death penalty on a defendant who aids and abets a felony in the course of which a murder is committed by others, where the defendant did not himself kill, attempt to kill, or intend the killing to take place. See Enmund v. Florida, 458 U.S. 782, 797-801, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). Gavin asserts, if it were not for the fear of death, he would have never pled guilty. Gavin, therefore, claims he is entitled to re-sentencing. However, we find that the evidence provided at the plea hearing proved that Gavin went with his co-defendant, Davis, to Pruitt’s house with the intention of robbing Pruitt. Furthermore, the State also presented Gavin’s confession that he participated in the crime and struck the victim, knocking her down.
¶ 6. Importantly, Gavin did not raise this argument in his PCR motion before the trial court. As such, Gavin is precluded from raising the issue now on appeal. See Clark v. State, 54 So.3d 304, 308 (¶ 10) (Miss.Ct.App.2011) (citing Foster v. State, 716 So.2d 538, 540 (¶9) (Miss.1998)). Procedural bar notwithstanding, we find no merit to this argument.
¶ 7. During the plea hearing, the trial court ascertained that Gavin had entered his guilty plea voluntarily and knowingly through an inquiry of Gavin under oath and upon proffer of an evidentiary basis for the plea. The plea colloquy shows that Gavin explained under oath that he understood that he faced the possibility of being sentenced to the death penalty if he went to trial. The plea colloquy further indicates that Gavin acknowledged under oath that he understood that if he went to trial and the jury did not impose the death penalty, then he would be sentenced to serve the same term that he agreed to at the plea hearing — that is, life without parole. Additionally, at the plea hearing, after the State had informed the trial court of the underlying factual basis for accepting Gavin’s plea of guilty to capital murder, Gavin agreed that a factual and legal basis existed for the court’s acceptance of his guilty plea. One of Gavin’s attorneys, Alison Steiner, informed the trial court that Gavin acknowledged his guilt as a principal accessory before and during the fact, and Gavin acknowledged using physical force in order to achieve the robbery. Accordingly, we find this issue is without merit.
B. LIFE WITHOUT PAROLE
¶8. On appeal, Gavin argues that the trial court erred in sentencing him to life without parole. Gavin argues that, according to Mississippi Code Annotated sections 97-3-21 and 99-19-101(1) (Rev. 2007), the sentencing options available to a defendant convicted of capital murder are life imprisonment or death. Gavin contends that life imprisonment without the possibility of parole fails to constitute a sentencing option unless the convict is adjudged a habitual offender. We disagree.
¶ 9. As noted by the trial court, section 97-3-21 provides: “Every person who shall be convicted of capital murder shall be sentenced (a) to death; (b) to imprisonment for life in the State Penitentiary without parole; or (c) to imprisonment for life in the State Penitentiary with eligibility for parole as provided in Section 47-7- *574 3(l)(f).”[3] Gavin was indicted and pled guilty to the crime of capital murder. The trial court sentenced Gavin to life imprisonment without parole. As authorized by statute, the punishment imposed upon Gavin for the offense to which he pled guilty clearly falls within the sentencing guidelines set forth in section 97-3-21. Therefore, Gavin’s claim is without merit.
II. EFFECTIVENESS OF COUNSEL [4]
A.Whether the appointed counsels were prejudiced against Gavin.
B. Whether, if not for ineffective assistance of counsel, the outcome of this case would have been different.
C. Whether he entered an involuntary plea due to ineffectiveness of counsel.
¶ 10. Gavin argues that his attorneys were prejudiced against him. Gavin contends that his attorneys told him that going to trial was a waste of time and that the district attorney knew who had committed the actual murder so no reason existed to investigate the theory that Gavin had told his attorneys. Additionally, Gavin claims that his attorneys were deficient for failing to attack the statement he had given to the detective. Gavin also claims the motivation of one of his attorneys in representing him was merely to gain experience in capital cases and failed to constitute a desire to represent Gavin’s best interest. Further, Gavin argues that the ineffectiveness of his attorneys rendered his plea involuntary. See URCCC 8.04(A). In summary, Gavin argues, if not for ineffective assistance of counsel, the outcome of his case would have been different.
¶ 11. In denying Gavin’s PCR motion, the trial court stated, in part, that:
The merits of Gavin’s [m]otion entitle him to no relief and no hearing on his [m]otion. In particular, he raises no argument, theory, alleged error[,] or other rationale showing that he is entitled to relief. Gavin argues that he entered his guilty plea based upon the improper inducement of his counsel. A review of the transcript of the plea hearing in this cause shows that Gavin was represented by two (2) attorneys in these causes and that both were present on the date of his guilty plea. Gavin further argues that his counsel was ineffective. Finally, Gavin contends that his sentence [was] not permissible and this his plea agreement was invalid and unconstitutional. The Court finds all arguments presented by [m]ovant [are] without merit.
The Mississippi Court of Appeals reiterated the holding of many cases that “[t]he law is well settled in Mississippi jurisprudence that ‘[a] valid guilty plea admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.’ ” Buckhalter v. State, 912 So.2d 159 (Miss.Ct.App.2005). A thorough review of *575 Gavin’s guilty plea indicates that his plea was entered freely, voluntarily, and intelligently. See Transcript of Plea Hearing, attached as Exhibit A.
According to Buckhalter, “[t]o establish an ineffective[-]assistanee[-]of[-]counsel claim, [a defendant] must show (1) a deficiency in counsel’s performance that is (2) sufficient to constitute prejudice to his defense.” Id. A review of the plea hearing shows that Gavin was asked questions about the adequacy of his counsel by the Court and that he did not voice any objection to the representation he received!,] and in fact, [he] answered, “Yes, sir,” when asked if he was satisfied with his lawyers’ advice and representation. See Transcript of Plea Hearing, attached as Exhibit A. The record is clear that Gavin’s plea was entered freely, voluntarily, and intelligently. Id.
Further, Gavin was represented at the time of his plea by two (2) attorneys, Hon. Alison Steiner and Hon. Michael Mitchell. The Court can find no deficiencies in their performance that are sufficient to constitute prejudice to Gavin’s defense.
¶ 12. Upon our review of the record before us, we, like the trial court, find Gavin’s claims are without merit. We recognize that in proving an ineffective-assistance-of-counsel claim, a strong presumption exists that counsel’s performance was reasonable, and “the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Barnes v. State, 51 So.3d 986, 989 (¶ 7) (Miss.Ct.App.2010). As noted by the trial court in the above-stated findings, Gavin failed to meet his eviden-tiary burden of establishing any deficiency in his attorneys’ performances.
¶ 13. Moreover, a review of the record shows that Gavin offered only his own affidavit in support of his claims, which fails to meet the requirements of Mississippi Code Annotated section 99-39-9 (Supp.2011). See Jefferson v. State, 855 So.2d 1012, 1014 (¶ 11) (Miss.Ct.App.2003) (“A petition that fails to incorporate an affidavit attesting to facts outside the personal knowledge of the petitioner fails to meet the statutory requirement for post-conviction relief motions.”). “The Mississippi Supreme Court has recognized in the context of post-conviction relief that where a party offers only his affidavit, his ineffective-assistance-of-counsel claim is without merit.” Barnes, 51 So.3d at 989 (¶ 7) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)).
¶ 14. Additionally, we find no evidence in the record contrary to the trial court’s findings that Gavin entered a knowing, voluntary, and intelligent plea. See Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (“A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court.”) We also recognize that “[c]ounsel may not accept a plea on the defendant’s behalf.” Barnes, 51 So.3d at 989 (¶ 11). Even if Gavin entered his plea because he was afraid of death, the record shows that his plea was, nonetheless, voluntary.
¶ 15. Accordingly, we find Gavin’s claims are without merit.
III. AGGRAVATED ASSAULT
¶ 16. Gavin argues that he is entitled to a new sentencing on the crime of aggravated assault, rather than capital murder; and he seeks reversal of his capital-murder conviction. Gavin contends that the evidence supports his claim that he provided law enforcement with a coerced statement that he hit the victim and left. Gavin also asserts that the district *576 attorney possessed evidence that placed his co-defendant in the room at the time when the victim was killed. Accordingly, Gavin claims that the evidence fails to support a murder sentence. He argues that the evidence is sufficient to support only an aggravated-assault sentence.
¶ 17. The record indicates that Gavin failed to raise this issue in his PCR motion. “It is well settled that issues not raised before the trial court for resolution are procedurally barred from being raised for the first time before the appellate court.” Chandler v. State, 44 So.3d 442, 448 (¶ 7) (Miss.Ct.App.2010) (citation omitted). Therefore, we find this issue is procedurally barred.
¶ 18. In addition to being procedurally barred, this issue is also without merit since the evidentiary issues asserted by Gavin were waived by his guilty plea. See Jefferson, 855 So.2d at 1014 (¶ 11) (“[A] plea of guilty waives any evidentiary issue.”). See also URCCC 8.04(A)(4)(c). Furthermore, a review of the record shows, at the plea hearing, the State established a factual basis for the capital-murder charge against Gavin by stating the evidence that it would have presented if the case went to trial. One of Gavin’s attorneys, Michael Mitchell, and Gavin then admitted during the plea colloquy that a factual and legal basis existed for the trial court’s acceptance of Gavin’s guilty plea to capital murder. Additionally, the plea colloquy shows that Steiner, Gavin’s other attorney, informed the trial court that Gavin acknowledged his guilt as a principal accessory before and during the fact of the commission of the crime of capital murder, including that he had helped plan the crime. The plea colloquy also shows that the State asserted that it could prove through Gavin’s confession that he struck Pruitt with his fist knocking her to the ground, and Steiner, Gavin’s attorney, stated that Gavin acknowledged using physical force in order to achieve the robbery. The plea colloquy reflects his culpability providing, in part, as follows:
STEINER [defense counsel]: ... We’ve explained that he is in fact legally guilty as accessory given what the State can prove about him. Even as he has said, he did not we [sic] weild [sic] the knife or the gas can. He planned the crime. He worked with — he did not hold her down, use violence against her. He allowed his accomplice to kill her in order to achieve the crime which is that of capital murder as accessory to the crime of the fact. He acknowledges his guilt as a principal accessory before and during the fact.
BUCKLEY [prosecutor]: That is correct, Your Honor. The State would have submitted at trial and [sic] aiding and abetting instruction on the theory of course that both participated and regardless of who did what, both [are] guilty.
COURT: I understand the testimony would be that would have been his word against hers; is that right?
BUCKLEY: Only as to the stabbing, Your Honor. But in terms of the, like as opposing counsel has said, the plotting of it, the setting it in motion, the intent to rob, the actual robbing, we wouldn’t need any other testimony in that regard.
COURT: Anything else?
STEINER: He does acknowledge using physical force in order to achieve the robbery.[5]
*577 ¶ 19. Based on our review of the record, we find that a sufficient factual basis existed for Gavin’s plea of guilty to the charge of capital murder. Gavin’s allegations that the evidence against him supported only aggravated assault, rather than capital murder, lacks merit. Thus, we find that this issue is without merit.
IV. EVIDENTIARY HEARING
¶20. In his final assignment of error, Gavin argues that he was entitled to an evidentiary hearing because his guilty plea was involuntary due to ineffective assistance of counsel. Further, Gavin seeks relief in the vacation of his plea agreement and remand of his case for an evidentiary hearing. Gavin claims the evidence in this case is circumstantial and points to his co-defendant; thus, he argues that he is entitled to relief. We disagree. Pursuant to Uniform Rule of Circuit and County Court 8.04(A)(4)(c) and his plea colloquy, Gavin waived his right to a trial by jury, as well as his right to confront and cross-examine adverse witnesses. Therefore, Gavin waived evidentiary issues as to circumstantial evidence and confrontation of Davis, his co-defendant, at a trial by jury.
¶ 21. A review of the record additionally shows that Gavin failed to meet the statutory requirements for PCR motions as required by section 99-39-9 by failing to incorporate an affidavit, other than his own, to support his claims. See Jefferson, 855 So.2d at 1014 (¶ 11). “A post-conviction-relief motion supported by the affidavit of the accused alone fails to meet the pleading requirements of Mississippi Code Annotated section 99-39-9 (Supp.2009); therefore, it ‘is deficient on its face and properly dismissed without an evidentiary hearing.’ ” Morris v. State, 29 So.3d 98, 103 (¶ 15) (Miss.Ct.App.2010) (quoting Edwards v. State, 995 So.2d 824, 826-27 (¶ 11) (Miss.Ct.App.2008)). Therefore, we hold the trial court did not err in denying Gavin an evidentiary hearing. This issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.

. For clarity, we have restated Gavin’s assignments of error.

. This Court is provided this information through Gavin's PCR motion.

. "Before July 1, 1994, Mississippi] Code Annotated] [section] 97-3-21 (Rev.2000) provided two sentences for one convicted of capital murder: death or life imprisonment with the possibility of parole.” Twillie v. State, 892 So.2d 187, 190-91 (117) (Miss.2004). However, effective July 1, 1994, the option of life without parole was added as a punishment by the Mississippi Legislature. Id. "The Legislature added the following guideline: 'The provisions of this act shall apply to any case in which pre-trial, trial[,] or resentencing proceedings take place after July 1, 1994.’ ” Id.

. For clarity, we have combined issues III, IV, and V since all issues concern the effectiveness of Gavin's attorneys.

. At the plea hearing, the State stated that Gavin confessed to law-enforcement officers that he struck Pruitt with his fist, knocking her down.