FAIR, J.,
for the Court:
¶ 1. Johnson was convicted of two counts of sale of Dilaudid, a schedule II controlled substance, in violation of section 41-29-139(a)(1) of the Mississippi Code Annotated (Supp.2012). He was sentenced to serve two twenty-year terms concurrently, each with five years suspended. Johnson received an enhanced sentence because the sale occurred within 1,500 feet of a school or church. See Miss.Code Ann. § 41-29-142 (Rev.2009).
¶ 2. Johnson never appealed his conviction, but he later filed a motion for post-conviction relief (PCR) alleging that his brother, Brian, actually committed the crimes for which Johnson was convicted. He attached a purported affidavit in which Brian essentially confessed to the crimes. The Coahoma County Circuit Court dismissed Johnson’s motion without an evidentiary hearing, explaining that the mistaken-identity issue was litigated and determined at trial. Johnson now appeals claiming that the circuit court erred in dismissing his PCR motion because this newly discovered evidence proves his actual innocence.
STANDARD OF REVIEW
¶ 3. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2012). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 4. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
¶ 5. The Mississippi Supreme Court has explained that one seeking a new trial based on newly discovered evidence must make four showings: (1) the new evidence was discovered after the trial; (2) it could not by due diligence have been discovered prior to trial; (3) it is material to the issue and not merely cumulative or impeaching; and (4) the new evidence will probably *355 produce a different result or verdict in the new trial. See Smith v. State, 492 So.2d 260, 263 (Miss.1986), superseded by statute on other grounds as recognized in McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). Relief must be denied if the petitioner fails to meet any one of these four elements. See id.
¶ 6. At the outset, we must note that the purported affidavit is invalid. Although styled an affidavit and notarized, the alleged confession by Johnson’s brother, Brian, conspicuously omits a clear statement that it is sworn under oath. The document states in relevant part:
BEFORE ME, the undersigned authority, personally appeared Brian Johnson who, after first being personally known by me, deposes and says[:]
[[Image here]]
[Signature of Brian Johnson]
Signed before me this the 29 day of April 2011.
[Signature and seal of the notary]
An affidavit is “a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.” Black’s Law Dictionary 62 (8th ed.2004) (emphasis added). An unsworn affidavit is “merely a piece of paper with the word ‘affidavit’ as its title.” Thomas v. Greenwood Leflore Hosp., 970 So.2d 273, 277 (¶ 19) (Miss.Ct.App.2007). Brian’s statement is not a valid affidavit. It has also not escaped our notice that Johnson filed his PCR motion shortly after the statute of limitations for the drug sales had run, precluding any possibility of Brian being prosecuted for the offenses.
¶ 7. As to whether the alleged confession amounts to new evidence, Johnson has failed to show why Brian could not have testified during his trial, given that the theory of Johnson’s defense has always been that Brian was the actual perpetrator and Johnson was implicated because the two look alike. In his PCR motion, Johnson states only that he does not know why Brian was not called to testify, apparently conceding that Brian was available and willing to testify. Since the burden is on Johnson to show that the alleged confession is newly discovered, the total absence of any evidence proving that fact is fatal. Mississippi Code Annotated section 99-39-9(l)(e) (Supp.2012) requires a PCR motion to contain:
A specific statement of the facts which are not within the petitioner’s personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the petitioner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
¶ 8. In his brief on appeal from the dismissal of his PCR motion, Johnson offers the belated explanation that Brian could have invoked his Fifth Amendment right to silence. But this appears to be speculation and is unsupported by any evidence. And even if we were to accept that claim, Johnson cannot exclude the possibility Brian would have denied committing the crimes. “[W]here a party fails to call a witness who was available during trial, the testimony of that witness cannot be considered newly discovered evidence.” United States v. Beasley, 582 F.2d 337, 339 (5th Cir.1978). In Beasley, the Fifth Circuit adopted the reasoning of the district court *356 that the decision of whether to call a witness is “deliberate and strategic.” Id. This is because “[t]he precise testimony of any potential witness cannot be known until it is had.” Id. “The defendant is not entitled to a new trial so that he may employ a different strategy.” Id.
CONCLUSION
¶ 9. “When the only basis for relief is the uncorroborated assertion of the petitioner, the motion may be dismissed without a hearing.” Shinall v. State, 832 So.2d 1291, 1293 (¶ 5) (Miss.Ct.App.2002). Brian’s confession is dubious, and, fatally, Johnson has no proof it is actually newly discovered evidence meeting the four requirements outlined in Smith, 492 So.2d at 263. We find no error in the circuit court’s dismissing the PCR motion without an evidentiary hearing.
¶10. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND JAMES, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.