KING, C.J.,
for the Court.
¶ 1. On June 5, 2003, John Minor as a pro se plaintiff filed a complaint in the Circuit Court of Sunflower County. In his complaint, Minor sought compensation for damages that resulted from the flooding of his home on or about September 30, 2001. Minor identifies a number of alleged conspirators who he says has prevented him from obtaining appropriate funding for the flood repairs. Upon the motion of defendants, City of Indianola, the trial court dismissed the complaint for failure to file his complaint within the one year statute of limitation pursuant to Mississippi Code Annotated Sec. 11-46-11(3) (Rev.2002). The trial court further determined, as to the defendants GAB Robbins of North America, Inc. and Valiant Insurance (erroneously named in the Complaint as Zurich North America), that Minor could not maintain a direct action against the insurance company of the City of Indianola. Aggrieved by the trial court’s dismissal with prejudice, Minor requests the following relief, we quote verbatim:
(1) Remanding this cause back to the lower court
(2) Said lower court issue an order of change of venue
(3) Judge Ashley Hines shall recuse himself from said cause
(4) Judge Ashley Hines shall disqualify himself from said cause and rescind all orders of final judgment issued by Judge Ashley Hines
(5) Said order shall grant appellant, John Minor, permission to joinder [sic] other defendants to include but not limited to all attorneys for defendants in the cause John Minor V.[sic] The City of Indianola, MS etals[sic], Sunflower County Miss Circuit Clerk, Ms Sharon McFadden, and her servants/agents and other
(6) In alternative, apellant, [sic] John Minor, requests the Miss State Supreme Court to order a hearing to detrimine [sic] the disqualification of Judge Ashley Hines, aaaaaaaaaaaaaathe [sic] judicial misconduct of judge Ashley Hines, and the misconduct and illegal litigation of the attorneys representing defendants in the cause John Minoor[sic] V[sic] The City of Indianola, MS etals.
¶ 2. Finding no error, we affirm.
*148 ISSUES AND ANALYSIS
¶ 3. In reviewing issues presented before this Court we must adhere to the well-established principle that, “[i]t is the duty of counsel to make more than an assertion; they should state reasons for their propositions, and cite authorities in their support.” Williams v. State, 708 So.2d 1358 (Miss.1998).
¶ 4. We summarize the convoluted language in Minor’s brief by stating that he alleged that several parties, including the trial judge, the trial court clerk and the appellees willfully, wantonly, maliciously and capriciously engaged in a conspiracy to prevent him from obtaining appropriate funds for repairs to his home. Minor’s brief before this Court has failed to even allege error on the part of the trial court. Minor fails to cite to any case or statutory authority and fails to support his assertions with any kind of argument, logic, or reason. He merely provides a listing of allegations. The record that Minor has provided to this Court does not provide evidence to support his claims. This Court “must decide each case by the facts shown in the record, not assertions in the brief....” Burney v. State, 515 So.2d 1154, 1160 (Miss.1987). The burden falls upon an appellant to ensure the record contains “sufficient evidence to support his assignments of error on appeal.” Id. Minor has failed to do so.
¶ 5. The only document in the record, which may be considered as evidence by this Court is the order granting the motion to dismiss. That order is entitled to a presumption of correctness. Branch v. State, 347 So.2d 957, 958 (Miss.1977). Minor provides nothing to overcome that presumption. In the absence of said evidence, this Court must affirm. The issue is barred for failure to support the argument with “citations to the authorities, statutes and parts of the record relied upon.” M.R.A.P. 28(a)(6). This Court finds no error.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS AND ISHEE, JJ., CONCUR. CHANDLER, J., CONCURS IN PART. BARNES, J., NOT PARTICIPATING.