ISHEE, J.,
 

 for the Court:
 

 ¶ 1. This appeal is from the Circuit Court of Lincoln County’s summary dismissal of Cearic Barnes’s motion for post-conviction relief.
 

 FACTS
 

 ¶ 2. A Lincoln County grand jury indicted Barnes and Jerrard T. Cook for the offense of capital murder. On June 10, 2003, pursuant to an agreement between the parties, the indictment was amended, and Barnes pleaded guilty to the reduced charge of murder. One week later, Barnes was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC).
 

 ¶ 3. On February 17, 2006, Barnes timely filed a motion for post-conviction relief. An amended motion for post-conviction relief was filed on October 31, 2006. The circuit judge summarily dismissed Barnes’s amended motion for post-conviction relief. The order was signed April 5, 2007, and filed on April 25, 2007.
 

 ¶ 4. Aggrieved, Barnes appeals the dismissal and raises the following assignments of error:
 

 I. He received ineffective assistance of counsel;
 

 II. His guilty plea was an unknowing, involuntary, and unintelligent waiver of fundamental rights;
 

 III. The circuit court committed reversible error by stating the incorrect county in the amendment to the original indictment;
 

 IV. The circuit court should have informed him of his right to appeal his sentence;
 

 V. The circuit court failed to provide a proper reconstructed transcript of the plea proceedings;
 

 VI. He should have been afforded a competency hearing prior to his sentencing; and
 

 VII. He is entitled to an evidentiary hearing on his motion for post-conviction relief.
 

 Finding no error, we affirm.
 

 DISCUSSION
 

 I. Ineffective Assistance of Counsel
 

 ¶ 5. In order to prove ineffective assistance of counsel, Barnes must prove that: (1) his counsel was deficient and (2) that deficiency prejudiced Barnes’s defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After reviewing the record before
 
 *989
 
 us, we cannot say that Barnes’s counsel provided ineffective assistance.
 

 ¶ 6. Barnes asserts that: his counsel failed to adequately investigate the facts; he failed to raise procedural and factual issues; and he allowed Barnes to enter an involuntary plea of guilty. The burden of proof lies with Barnes to show that his counsel was deficient and that this deficiency prejudiced his defense.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). But there is a strong but rebuttable presumption that counsel’s conduct falls within a broad range of reasonable professional assistance.
 
 Gilliard v. State,
 
 462 So.2d 710, 714 (Miss.1985). Also, this Court bases its decisions as to whether counsel’s efforts were effective on the totality of the circumstances surrounding each case.
 
 Waldrop v. State,
 
 506 So.2d 273, 275 (Miss.1987).
 

 ¶ 7. Because there is a strong presumption that counsel’s performance was reasonable, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052. The Mississippi Supreme Court has recognized in the context of post-conviction relief that where a party offers only his affidavit, his ineffective-assistance-of-counsel claim is without merit.
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990);
 
 see also Smith v. State,
 
 490 So.2d 860, 860 (Miss.1986). Because Barnes has failed to meet his initial burden of proof, to establish deficient performance, this issue is without merit.
 

 II. Involuntary Plea
 

 ¶ 8. Barnes asserts that his guilty plea was involuntary because it was the product of coercion from his counsel. He claims that his fear of being sentenced to death, along with the fact that he was merely eighteen years old at the time of trial, made it impossible for him to knowingly, voluntarily, and intelligently enter a plea of guilty.
 

 ¶ 9. “By entering a guilty plea, a defendant waives certain constitutionally guaranteed protections. Specifically, a defendant waives the right to a jury trial, right to confront his accusers, and the right against compelled self-incrimination.”
 
 Daughtery v. State,
 
 847 So.2d 284, 287 (¶ 5) (Miss.Ct.App.2003) (citation omitted). It is the trial court’s responsibility to ensure that the plea is voluntary by determining whether the defendant understands the meaning and consequences of the plea. A plea induced by fear, violence, deception or improper inducements is not voluntary. URCCC 8.04(A)(3).
 

 ¶ 10. Because Barnes has complained of his counsel’s advice, we note that a defense attorney has an obligation to fairly, even if pessimistically, inform the client of the likely outcome of a trial based upon the facts of the case. If, after assessing the case, counsel feels as if his client should take a plea, he is obligated to inform his client, no matter how grim the assessment may be.
 
 Daughtery,
 
 847 So.2d at 287 (¶ 6) (citation omitted).
 

 ¶ 11. Despite this obligation, defense counsel may only urge a defendant to follow a particular course. Counsel may not accept a plea on the defendant’s behalf.
 
 Id.
 
 at 287 (¶ 7) (citation omitted). Even if Barnes accepted the plea bargain entirely because he was afraid of the death penalty, the plea would nonetheless be voluntary. Accordingly, this issue is without merit.
 

 III. Amendment to Original Indictment
 

 ¶ 12. Barnes contends that his guilty plea to murder must be set aside because the original indictment, which charged him with capital murder, was amended to say “In the Circuit Court of Adams County” as opposed to “In the
 
 *990
 
 Circuit Court of Lincoln County.” In all other respects, the order properly lists Lincoln County. This is a clear example of a harmless scrivener’s error. Errors in a particular case that are unimportant and insignificant be deemed harmless, thereby not requiring the automatic reversal of the conviction.
 
 Tran v. State,
 
 962 So.2d 1237, 1247 (¶ 37) (Miss.Ct.App.2007) (quoting
 
 Chapman v. California,
 
 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Barnes pleaded guilty to a murder committed in Lincoln County and his guilty plea took place in Lincoln County. Barnes has failed to show how this error has prejudiced him in any way or how the circuit court committed reversible error. This issue is without merit.
 

 IV. Circuit Court Obligation
 

 ¶ 13. Barnes next asserts that he was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution because the circuit court failed to inform him that he could appeal the sentence imposed on him as a result of his guilty plea despite the fact that he could not appeal the plea itself. While it is true that a defendant may appeal the sentence resulting from a guilty plea independently of the plea itself, there is no corresponding requirement that the circuit court notify the defendant of that right during the plea process.
 
 Elliott v. State,
 
 993 So.2d 397, 399 (¶ 10) (Miss.Ct.App.2008). Accordingly, we find Barnes’s argument on this issue is without merit.
 

 V. Reconstruction and Misplacement of the Record
 

 ¶ 14. Barnes asserts that the circuit court erred in failing to provide a transcript of the plea proceedings. We find this argument to be without merit.
 

 ¶ 15. Barnes contends that it is his responsibility to provide the court with a proper record which contains the documents to support his claims. We agree. Once it was determined that the record had been misplaced, this Court issued an order to the circuit clerk of Lincoln County to reconsti’uct the file. The clerk complied with the order and gave proper notice of the completion of the record. If Barnes was dissatisfied with the record that was prepared by the clerk, he had an opportunity to amend it. This Court has previously held that, “the burden falls upon an appellant to ensure the record contains sufficient evidence to support his assignments of error on appeal.”
 
 Minor v. City of Indianola,
 
 909 So.2d 146, 148 (¶ 4) (Miss.Ct.App.2005).
 

 VI. Competency Hearing
 

 ¶ 16. Barnes asserts that he was denied due process of law by the contravention of Rule 9.06 of the Uniform Rules of Circuit and County Court. There is nothing in the record indicating Barnes raised the issue of competency in the circuit court. It is well-settled law that issues not raised below will not be decided on appeal.
 
 Stringer v. State,
 
 279 So.2d 156, 158 (Miss.1973). Because Barnes failed to raise this issue with the court below, this assignment of error is procedurally barred on appeal.
 

 VII. Evidentiary Hearing
 

 ¶ 17. In his final assignment of error, Barnes claims the circuit court erred when it failed to grant him an evi-dentiary hearing on his motion for post-conviction relief. “If the motion is not dismissed at a previous state of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.” Miss.Code Ann. § 99-39-19(1) (Rev.2007).
 

 
 *991
 
 ¶ 18. Barnes once again asserts that the circuit court failed to review the record as is statutorily required. Although it is unclear as to where the original record currently is located, there is little doubt that the circuit court did review the record when dismissing Barnes’s motion for post-conviction relief. A review of the circuit court’s order dismissing the motion for post-conviction relief indicates that the circuit court reviewed Barnes’s amended motion because the order responds directly to the record and the motion itself. This issue is without merit.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.