# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00321-COA

**BELYNTHIA ROSS**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER A. TABB |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/22/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Belynthia Ross appeals her conviction in Rankin County Circuit Court of simple assault of a vulnerable adult. She asserts that (1) her indictment was fatally defective because two headings that originally read "Madison" County were stricken and overwritten with "Rankin," (2) the indictment erroneously lists the grand-jury foreman as that of the "Madison" County Grand Jury, not "Rankin," and (3) simple assault of a vulnerable adult is not a felony. We affirm.

¶2.     Ross was indicted on June 4, 2015. On November 16, 2015, Ross moved to quash the indictment because "it did not contain the notarized signature of the Foreman of the Rankin

County, Mississippi Grand Jury." On November 23, 2015, the circuit court heard argument on the motion. The circuit court considered the references to "Madison" County and determined that they were a scrivener's error. Trial counsel for the State admitted that she noticed the error prior to filing the indictment with the circuit clerk. She corrected the error by striking out "Madison" and writing "Rankin" over it. She also placed her initials next to the changes. After conferring with the clerk and reviewing the court's records, the circuit court confirmed that the foreman who signed the indictment was the actual foreman for the Rankin County Grand Jury during the January 2015 term (the same term in which Ross was indicted). The circuit court then made a finding on the record that the signature was in fact that of the foreman for the Rankin County Grand Jury, and when asked if there was still "[a]ny dispute about that[,]" Ross's counsel replied, "No, Judge." The circuit court also determined that the indictment did give the county in which the indictment was brought with the scrivener's error and correction by the State. At trial, Ross was found guilty of simple assault of a vulnerable adult and sentenced to five years in the custody of the Mississippi Department of Corrections.

¶3.    Ross does not now dispute that the foreman who signed the indictment was the foreman for the Rankin County Grand Jury. Rather, she asserts that her indictment was "deficient on the face and does not meet the requirements as set forth" because the (1) incorrect county was listed in two headings of the indictment, (2) the incorrect county was listed for the grand-jury foreman, and (3) the circuit clerk listed was for the wrong county.

¶4.    Although it was slipshod to use a form indictment listing Madison County for a

2

proceeding in Rankin County, the circuit court under these facts was correct that listing the incorrect county is nothing more than a harmless scrivener's error. *See Barnes v. State*, 51 So. 3d 986, 989-90 (¶12) (Miss. Ct. App. 2010). Secondly, listing the incorrect circuit clerk was also a harmless scrivener's error, more precisely, a typographical error. The indictment is file-stamped and seal-stamped exclusively by the Rankin County Circuit Clerk, and the typo was stricken with the correct circuit clerk's name substituted.

¶5.     Notwithstanding those harmless errors, the county in which the indictment was brought must be included in the indictment. URCCC 7.06.[1] But "[t]he major purpose of an indictment is to furnish the accused such a description of the charges against [her] as will enable [her] to adequately prepare [her] defense." *Campbell v. State*, 749 So. 2d 1208, 1210 (¶7) (Miss. Ct. App. 1999). And "[s]o long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient." *Farris v. State*, 764 So. 2d 411, 421 (¶20) (Miss. 2000). Here, the body of the indictment alleged the crime occurred in Rankin County, and Ross does not dispute that she was indicted in Rankin County. We find the circuit court was correct in finding that the indictment sufficiently stated the correct county in which the indictment was brought. We find this issue is without merit.

¶6.     Lastly, Ross reasserts that the trial court erred in finding her guilty of "Felony Simple Assault of a Vulnerable Adult as charged in the indictment" in its written final order, because

---

[1] The Uniform Rules of Circuit and County Court relative to criminal practice were recently replaced by the Mississippi Rules of Criminal Procedure, effective July 1, 2017. But because the former rules were in effect at the relevant time, Rule 7.06 applies to Ross's case.

the crime she was charged with is not a felony. But it is. *See State v. Hawkins*, 145 So. 3d 636, 641 (¶11) (Miss. 2014) ("[S]imple assault of a vulnerable person . . . is in fact a felony."). The issue is without merit.

¶7. Ross's conviction of simple assault of a vulnerable adult and sentence of five years in the custody of the Mississippi Department of Corrections are affirmed.

¶8. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**