# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01621-COA

**CEARIC A. BARNES A/K/A CEARIC BARNES**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:                10/23/2017
TRIAL JUDGE:                     HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:       LINCOLN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          KEVIN DALE CAMP
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: LISA L. BLOUNT
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 05/14/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

> **BEFORE BARNES, C.J., TINDELL AND McCARTY, JJ.**
>
> **BARNES, C.J., FOR THE COURT:**

¶1.    Cearic Barnes filed a motion for post-conviction relief (PCR) with the Lincoln County Circuit Court on December 12, 2016. This circuit court dismissed the motion, finding it both time barred and barred as a successive writ. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Barnes was indicted for capital murder in August 2002. He entered a guilty plea in exchange for a reduced charge of murder and was sentenced to life in the custody of the Mississippi Department of Corrections on June 16, 2003. Judge Mike Smith recused himself from the case, and it was transferred to Judge Keith Starrett, who changed the venue to Adams County. Less than three years later, Barnes filed a PCR motion with the Lincoln

County Circuit Court in Cause No. 2006-59-LT. An amended PCR motion was later filed. The circuit court dismissed the motion for PCR, and this Court affirmed the dismissal of the motion on June 22, 2010. *Barnes v State*, 51 So. 3d 986, 991 (¶19) (Miss. Ct. App. 2010). In these proceedings, it was determined that the originally assigned circuit judge, Judge Smith, had misplaced the court file; so we ordered the circuit court clerk to reconstruct the record for our appellate review of Barnes's 2006 PCR motion. *Barnes*, 51 So. 3d at 990 (¶15). The clerk complied, noting that the only items excluded from the record were Barnes's original February 2006 PCR motion, the application to proceed in forma pauperis, and exhibits.[1] We concluded:

> If Barnes was dissatisfied with the record that was prepared by the clerk, he had an opportunity to amend it. This Court has previously held that, "the burden falls upon an appellant to ensure the record contains sufficient evidence to support his assignments of error on appeal." *Minor v. City of Indianola*, 909 So. 2d 146, 148 (¶4) (Miss. Ct. App. 2005).

*Id*.

¶3. On December 12, 2016, Barnes filed a second PCR motion (Cause No. 2016-451-LT) with the circuit court, asserting the same claims from his prior 2006 motion (Cause No. 2006-

---

[1] There is some confusion as to what precisely was missing from the court files. The State asserts that the missing court file only concerned Cause No. 2006-59-LT, not Barnes's criminal case (2002-250-MS/KS). In his order, however, Judge Michael Taylor stated:

> [T]he court file *in the underlying criminal cause* is missing due to misplacement by then Judge Mike Smith, who is now deceased. The file was missing when the court denied the first Motion for Post-Conviction Relief on the merits, it was missing when the Court of Appeals affirmed the lower court, and it was missing when the [s]upreme [c]ourt denied a [m]otion for [r]ehearing, and denied certiorari.

(Emphasis added).

59-LT) and arguing that an intervening decision of the Mississippi Supreme Court—*Means v. State*, 43 So. 3d 438 (Miss. 2010)—excepted his motion from procedural bars.[2] *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Finding *Means* was not applicable to the case and, therefore, insufficient to overcome the procedural bars, the circuit court dismissed the motion. Aggrieved, Barnes appeals.

**DISCUSSION**

¶4. Barnes argues that the circuit court erred in dismissing his PCR motion and his request for a rehearing because there is no record of his plea hearing. Therefore, he contends that the circuit court could not rule on his claims without an evidentiary hearing.[3] Unless, however, Barnes provides an exception to the procedural bars, there is no case for the circuit court to review.

¶5. Barnes contends that his claims are not barred based on an intervening decision of the Mississippi Supreme Court. Mississippi Code Annotated section 99-39-23(6) states that the exceptions to the successive-writ bar include:

> [C]ases in which the petitioner can demonstrate either that there has been an intervening decision of the *Supreme Court of either the State of Mississippi or the United States* which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have

---

[2] Barnes's second motion is time barred and a successive writ. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015).

[3] "When reviewing a circuit court's decision to summarily dismiss a PCR motion, we will not disturb the court's factual findings unless they are 'clearly erroneous.'" *Stokes v. State*, 238 So. 3d 631, 633 (¶7) (Miss. Ct. App. 2018). However, the standard of review for questions of law is de novo. *Id*.

caused a different result in the conviction or sentence.

(Emphasis added). An intervening decision of either of these courts "is one that 'creates new intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction.'" *Dever v. State*, 210 So. 3d 977, 980 (¶6) (Miss. Ct. App. 2017) (quoting *Patterson v. State*, 594 So. 2d 606, 608 (Miss. 1992)). Barnes argues that *Means*, 43 So. 3d 438, stands for the proposition that the absence of a record in this case, specifically the transcript of his guilty-plea hearing, requires a reversal of the court's dismissal. As noted by the circuit court, Barnes's interpretation of *Means* is incorrect. *Means* concerned a defendant's PCR petition to vacate a banishment order. *Id*. at 439 (¶1). The supreme court reversed and remanded the court's dismissal of Means's petition because the appellate record did "not indicate whether the trial court addressed the requisite banishment considerations." *Id*. at 439-40 (¶1). In other words, because the record could not "shed [any] light on the justification, if any, for Means's banishment," which requires an on-the-record analysis, the supreme court could not determine on appeal if the trial court considered those "requisite reasons" for his banishment. *Id*. at 446-47 (¶¶30-31). Here, Barnes was not subject to a banishment order, and *Means* is not an intervening decision sufficient to overcome the procedural bars. Barnes also relies on *Buckner v. State*, 200 So. 3d 1104 (Miss. Ct. App. 2016), which is not a decision of either the United States Supreme Court or the Mississippi Supreme Court; therefore, it would not constitute an intervening decision under section 99-39-23(6).

¶6.     Because Barnes's PCR motion contains the identical argument already considered and rejected by this Court in his prior PCR case and is procedurally barred from review, we

4

affirm the circuit court's dismissal.

¶7.    **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**