MODIFIED OPINION ON MOTION FOR REHEARING
KING, P. J.,
for the Court.
¶ 1. The original opinion herein is withdrawn and this opinion substituted in lieu *247 thereof. On October 21, 2003, this Court issued an opinion which reversed the denial of Twillie’s motion for post-conviction relief.
¶ 2. On December 3, 2003, the State filed a motion for rehearing. In the motion for rehearing, the State chose to address for the very first time the substance of Twil-lie’s complaint. The State’s original brief merely alleged that this Court lacked jurisdiction, and was, therefore, without authority to consider Twillie’s claim.
¶ 3. The decision of the State not to address the substance of Twillie’s claim in its original brief also waived the right to address the substantive issue by rehearing motion. Burns v. State, 813 So.2d 668, 675 (¶ 19) (Miss.2001).
¶4. Because we find the State to be procedurally barred on the substantive issue, the State’s motion for rehearing is denied.
¶ 5. However, this Court, acting on its own motion, grants rehearing in this matter, withdraws its prior opinion and substitutes this opinion in lieu thereof.
PROCEDURAL HISTORY AND FACTS
¶ 6. In January 1996, Twillie pled guilty to capital murder for an offense committed on January 27, 1994. When Twillie’s offense was committed, this State provided only two possible punishments for capital murder. Those options were death or life with the possibility of parole. However, when Twillie’s plea was entered on January 1996, the law had been changed to provide a third option of life without the possibility of parole.
¶ 7. In exchange for the State’s agreement not to pursue the death penalty, Twillie agreed to enter a plea of guilty and have the trial court impose a punishment of life without parole. The trial court accepted this agreement and accordingly sentenced Twillie to life without the possibility of parole.
¶8. On April 17, 2002, Twillie filed a request for post-conviction relief claiming that sentencing him to life without the possibility of parole, pursuant to a statute passed after the commission of his offense was an impermissible ex post facto application of the law. By order dated April 17, 2002, the trial judge denied relief to Twillie saying merely that his action was time barred.
DISCUSSION
¶ 9. There is no merit to Twillie’s claim that the imposition of a sentence of life without parole was an improper ex post facto application of the law. The prohibition against ex post facto laws was intended to prevent making criminal, acts which were legal when done and to prevent the application of a more punitive sanction than that allowed when the offense was committed. McGuire v. State 76 Miss. 504, 513, 25 So. 495, 496 (1899).
¶ 10. The prohibition against ex post facto laws does not extend to those actions which are in fact favorable to a defendant. Id. The ability to receive life without parole, as opposed to risking the death penalty, is such a favorable action.
¶ 11. Because death, the ultimate penalty, was allowed under the prior statute, the imposition of a sentence of life without parole is not a more punitive sanction, and, therefore, does not violate the prohibition against ex post facto laws. Swann v. State, 806 So.2d 1111 (¶35) (Miss.2002); West v. State, 725 So.2d 872 (¶ 19) (Miss.1998).
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JASPER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COST *248 OF THIS APPEAL ARE TAXED TO JASPER COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.