ROBERTS, J.,
for the Court:
¶ 1. Johnny Ray Sims entered what was described as a “best-interest plea” to one count of aggravated assault in the Marion County Circuit Court. Approximately three years and four months later, Sims filed a motion for post-conviction relief (PCR) in the trial court, challenging his conviction and sentence. His motion was summarily dismissed as time-barred and successive-writ barred.
¶ 2. He now appeals, asserting the following issues, which we have reordered for clarity: (1) his indictment was defective; (2) he was wrongfully ordered to pay restitution; (3) his counsel was ineffective; (4) the trial judge should have recused himself; (5) his guilty plea was involuntary; (6) he was entitled to an evidentiary hearing; and (7) the State failed to provide discovery to the defense. All of Sims’s issues are procedurally barred or, alternatively, without merit. Accordingly, we affirm the trial court’s dismissal of Sims’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶3. On September 13, 2003, Sergeant Pearlie Hendricks saw Sims’s vehicle outside an AutoZone store in Columbia, Mis *320 sissippi. Sergeant Hendricks knew Sims and believed he had warrants for his arrest. She contacted dispatch to confirm that the warrants were active, and they were. Sims’s girlfriend, Angelina Robinson, was a passenger in the vehicle. When Sergeant Hendricks approached the vehicle, she asked Robinson to open the door. Robinson complied. Sergeant Hendricks tried to speak to Sims through the opening, but Sims told Robinson to close the door. He then drove off at a high rate of speed with police officers in pursuit.
¶ 4. During the pursuit, Sims ran a red light and collided with a vehicle driven by Mary Beth Broome. Sims continued to drive, striking a second vehicle driven by Virgie Stevens. Sims’s vehicle then struck a tree, injuring Robinson. Sims exited the vehicle and fled on foot.
¶ 5. On September 3, 2004, Sims was indicted on one count of aggravated assault against Stevens and one count of aggravated domestic violence against Robinson. On March 2, 2005, Sims was re-indicted. The count of aggravated assault against Stevens remained the same. However, the second indictment included a count of aggravated assault against Broome, and it changed the aggravated-domestic-violence count against Robinson to aggravated assault. Two days later, an order was entered dismissing the first indictment. In this order, the State reserved the right to re-indict Sims. On July 6, 2005, Sims entered what was described as an Alford,[1] or best-interest, plea to the charge of aggravated assault against Broome. The State dismissed the other two counts. In exchange for dismissing these two counts, the State requested that the trial court consider ordering restitution to all three victims.
¶ 6. The trial court sentenced Sims to twenty years in the custody of the Mississippi Department of Corrections, with one year and two months to serve, and eighteen years and ten months of post-release supervision. Sims had one year and two months of pretrial custody time. The judge also ordered Sims to pay restitution of $6,000 to Stevens and $4,000 to Broome. In March 2006, Sims’s post-release supervision was revoked after he was charged with capital murder — a clear violation of the terms of his post-release supervision. Sims was ordered to serve the remainder of his sentence.
¶ 7. In October 2007, Sims filed a “Motion to Vacate Revocation Hearing.” In this motion, he argued his due-process rights were violated because the trial court failed to advise him of his right to be represented by counsel at the revocation hearing. The trial court summarily dismissed the motion, treating it as a PCR motion.
¶ 8. On December 5, 2008, Sims filed another PCR motion, arguing his conviction should be overturned because his indictment was defective, his sentence was illegal, his counsel was ineffective, and his plea was involuntary. The trial court summarily dismissed Sims’s motion.
¶ 9. Sims next filed for an out-of-time appeal, which was granted. Sims now appeals.
*321 STANDARD OF REVIEW
¶ 10. “A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Means v. State, 43 So.3d 438, 441 (¶ 6) (Miss.2010). Issues of law are reviewed de novo. Id.
ANALYSIS
¶ 11. Sims’s December 5, 2008 PCR motion is procedurally barred. Sims has not shown any exception to the procedural bars; thus, his PCR motion was correctly dismissed by the trial court.
¶ 12. Sims’s PCR motion is barred as a successive writ because he has previously challenged his conviction in the trial court, and the previous motion was dismissed. See Miss.Code Ann. § 99-39-23(6) (Supp.2012) (“[A]ny order dismissing the petitioner’s [PCR] motion or otherwise denying relief under this article is a final judgment and ... shall be a bar to a second or successive [PCR] motion. ...”). Although his first motion was not styled as a PCR motion, “[a] pleading cognizable under the [Uniform Post-Conviction Collateral Relief Act] will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.” Knox v. State, 75 So.3d 1030, 1035 (¶ 12) (Miss.2011). Sims’s first motion was titled “Motion to Vacate Revocation Hearing.” However, because the motion challenged his conviction, it was correctly treated by the trial court as a PCR motion. Sims raises no statutory exception to the successive-writ bar, as authorized by section 99-39-23(6).
¶ 13. The motion is time-barred because more than three years have passed since the entry of his conviction. See Miss.Code Ann. § 99-39-5(2) (Supp.2012). Sims’s conviction was entered on July 21, 2005. His PCR motion was filed on December 5, 2008—approximately three years and four months later. Sims has asserted no statutory exception under section 99-39-5(2).
¶ 14. In addition to the statutory exceptions to the procedural bars, Mississippi appellate courts have recognized an exception “[w]here the petitioner asserts a ‘fundamental right.’ ” Moss v. State, 45 So.3d 305, 306 (¶ 7) (Miss.Ct.App.2010) (citing Davis v. State, 958 So.2d 252, 254 (¶ 6) (Miss.Ct.App.2007)). However, this must be proven, as “merely raising” a fundamental right is not sufficient to overcome the procedural bars. Bevill v. State, 669 So.2d 14, 17 (Miss.1996). We will briefly discuss the merits of Sims’s arguments to determine if Sims has shown the violation of a fundamental right such that he has overcome the procedural bars.
I. INDICTMENT
A. SIMULTANEOUS INDICTMENTS
¶ 15. Sims argues his due-process rights were violated because the second indictment against him was returned by the grand jury before the first indictment was dismissed.
¶ 16. Sims was first indicted on September 3, 2004. He was re-indicted on March 2, 2005. Two days later, on March 4, 2005, the trial court granted the State’s motion to nolle prosequi the first indictment—that is, the prosecutor voluntarily withdrew the criminal charges and did not further prosecute them. See Black’s Law Dictionary 1048 (6th ed.1990). Sims entered a best-interest plea to the second indictment on July 6, 2005.
¶ 17. It is well settled that, “with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment.” *322 Joiner v. State, 61 So.3d 156, 159 (¶ 7) (Miss.2011) (quoting Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992)). These two exceptions are (1) an indictment’s failure to charge an essential element of the crime, and (2) lack of subject-matter jurisdiction. Id. Neither of these exceptions are asserted, and the plea colloquy reveals that Sims’s plea was knowing and voluntary; thus, Sims’s guilty plea waived the challenge to the indictment. Notwithstanding this waiver, we would find that this issue is without merit.
¶ 18. The constitutionality of two simultaneous indictments was addressed by the Mississippi Supreme Court in Mitchell v. State, 792 So.2d 192, 199 (¶24) (Miss.2001). The supreme court held that “there is no double jeopardy violation when a second indictment is returned by a grand jury, and then the prosecution successfully moves the court to enter a nolle prosequi motion regarding the first indictment.” Id. However, before the trial court dismisses the earlier indictment, it must first determine “whether [the defendant] actually incurred any harm from having simultaneous indictments against him.” Id. at 200 (¶ 25). In making this determination, the trial court should consider questions such as: “Was [the defendant] subjected to multiple prosecutions in this case, and was he aware of the grounds for the prosecution against him?” Id.
¶ 19. There is no evidence that Sims was harmed by having simultaneous indictments against him. He was not subjected to multiple prosecutions, as he did not go to trial on either indictment, and he only entered a plea on one indictment. And there is no contention that Sims was unaware of the grounds charged in the indictments. Further, there was no question which indictment was being prosecuted, as the first indictment was promptly dismissed two days after the second indictment was returned.
¶ 20. We find that any error from the issuance of the second indictment before nolle prosequi of the first indictment occurred was harmless. This issue is without merit.
B. DEFECTIVE INDICTMENT
¶ 21. Sims argues the indictment was defective because it was not signed by the grand jury foreman or the circuit clerk, and it was not dated. This argument was waived when Sims entered his plea. See Joiner, 61 So.3d at 159 (¶ 7). Regardless, the record contains a fully signed and executed indictment dated March 2, 2005, and stamped filed by the circuit clerk on that same day. The indictment met all the requirements of Rule 7.06 of the Uniform Rules of Circuit and County Court; thus, Sims’s argument is without merit.
II. RESTITUTION
¶ 22. Sims next argues his entire sentence is illegal because he was ordered to pay restitution to a victim whose count was dismissed. The trial court ordered Sims to pay $6,000 in restitution to Stevens and $4,000 to Broome. However, the charge relating to Stevens was withdrawn by the prosecutor. Sims also argues he was entitled to a hearing to address the necessity of restitution and whether he was financially able to pay restitution.
¶ 23. First, we note that the imposition of restitution was not objected to by Sims or his counsel. The Mississippi Supreme Court has held that the failure to object to restitution during sentencing waives the issue for appeal. Harris v. State, 757 So.2d 195, 199 (¶ 19) (Miss.2000). Consequently, this issue was waived.
¶ 24. Regardless, the sentence imposed on Sims, including the order of court costs *323 and restitution, was not, on its face, an illegal sentence. The term of imprisonment and assessment of court costs were within the parameters of punishment for aggravated assault. Additionally, a requirement that a defendant pay restitution to a victim is statutorily authorized as part of a criminal sentence. Miss.Code Ann. § 99-37-3(1) (Rev.2007). Section 99-37-3(1) states that restitution may be ordered “[w]hen a person is convicted of criminal activities which have resulted in pecuniary damages.” For purposes of this section, “criminal activities” are defined as “any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant,” and “‘[vjictim’ shall mean any person whom the court determines has suffered pecuniary damages as a result of the defendant’s criminal activities.” Miss.Code Ann. § 99-37-1 (a), (d) (Rev.2007).
¶25. Although the counts relating to Stevens and Robinson were dismissed, Sims admitted guilt to all three counts before the dismissal. The record includes Sims’s written and sworn guilty-plea petition as well as the guilty-plea colloquy. Neither the petition nor the colloquy indicates that Sims was pleading guilty to a specific count of aggravated assault — that is, we do not know if Sims intended to plead guilty to Count I, II, or III. When asked by the trial judge, “[H]ow do -you plead?” Sims responded, “Guilty.” The trial judge followed this by asking: “And you say you’re pleading guilty in your best interest?” Sims responded, ‘Tes, sir.”
¶ 26. Prior to acceptance of the plea, the trial judge required the district attorney to state the underlying facts the State intended to prove. The prosecutor outlined in detail the motor-vehicle chase, including the crashes that injured all three victims. The trial judge then accepted Sims’s plea to aggravated assault without specifying which count. Immediately thereafter, the prosecutor informed the trial judge that “the State agrees, upon acceptance of [Sims’s] guilty plea in Count Three [ (Broome) ], the State agrees to dismiss Counts One [ (Stevens) ] and Two [ (Robinson) ], but asks that restitution be considered for all three counts.” No objection was made by Sims or his attorney at any point.
¶ 27. From the lack of objection, it seems obvious that Sims had a plea agreement or, at the least, an understanding, that if he pleaded guilty to one of the aggravated-assault counts, the State would dismiss the other two counts upon Sims’s agreement that he would pay restitution to all the victims.[2] Sims was not entitled to a hearing on restitution since he agreed to the plea bargain. Essentially, it seems Sims’s real complaint is that he was ordered to pay $10,000 in restitution instead of $4,000. Regardless, the imposition of an “illegal” sentence — that is, one that violates a fundamental-constitutional right— is a prerequisite to trump the procedural bars, and there is no illegal sentence here. Thus, this issue is procedurally barred.
¶ 28. Judge Barnes’s dissent asserts that this Court has the authority to address the restitution issue because it was *324 raised within Sims’s ineffective-assistance-of-counsel argument. The dissent would permit, through the ineffective-assistance-of-counsel claim, a modification of the order of restitution. However, the ineffective-assistance-of-counsel claim is clearly-barred by the three-year statute of limitations in Mississippi Code Annotated section 99-39-5(2). Havard v. State, 86 So.3d 896, 904 (¶ 26) (Miss.2012). Further, because Sims’s sentence is legal on its face, there is no exception to this procedural bar. As to his attorney’s effectiveness, Sims swore at his plea hearing that he was satisfied with the advice and assistance of his attorney. Sims faced a possible sixty-year sentence, which was reduced to twenty years. Of his twenty-year sentence, he was only ordered to serve one year and two months — the exact amount of time he had served while awaiting sentencing. Thus, Sims’s sentence effectively released him from prison immediately to start his term of post-release supervision. The dissent does not take issue with this portion of the sentence; rather, the dissent finds Sims’s counsel was ineffective only as to the restitution portion of the sentence. If Sims’s counsel was truly constitutionally ineffective, such deficiency would infect the entire proceeding and justify setting aside Sims’s plea and sentence, reinstating Sims’s three aggravated-assault counts on the trial docket. This issue is without merit, as Sims has failed to show how his attorney was ineffective.
¶ 29. Since we find no merit to Sims’s argument that his sentence is illegal, this issue is procedurally barred.
III. EFFECTIVENESS OF COUNSEL
¶ 30. In order to demonstrate ineffective assistance of counsel, Sims must show (1) his counsel’s performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Bmrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009).
¶ 31. Sims alleges at least nineteen deficiencies by his attorney. However, Sims raises no deficiencies that show he would have chosen to proceed to trial but for his counsel’s performance, and had he gone to trial, the outcome would have been different. Sims does not deny he was the driver of the vehicle or that he injured the three victims, and the State had a strong case against him for aggravated assault. Sims was charged with three counts of aggravated assault, and each count carried a possible twenty-year sentence. See Miss.Code Ann. § 97-3-7(2)(a) (Supp.2012). With the help of his attorney, he was able to plead guilty to only one count. Sims’s potential sixty-year sentence was reduced to twenty years, of which eighteen years and ten months were post-release supervision. Sims was ordered to serve one year and two months — the exact amount of time he had served while awaiting sentencing. Thus, Sims’s sentence effectively released him from prison immediately to start his term of post-release supervision. We cannot find that Sims has shown that but for errors of his counsel, he would have insisted on going to trial.
¶ 32. Further, Sims’s ineffective-assistance-of-counsel argument is without merit because it is based solely on his own allegations in his brief. Our supreme court “has implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is *325 without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)). Sims has not produced a sufficient affidavit to support his claims; thus, we can find no merit to his argument.
¶ 33. This issue is procedurally barred. Even absent the procedural bar, this issue is without merit because there is no evidence that Sims’s counsel was ineffective.
IV.PARTIALITY OF TRIAL JUDGE
¶ 34. Sims next argues the trial judge was biased because he presided over a related civil suit brought by Broome against the City of Columbia.
¶ 35. Broome’s civil suit against the City of Columbia alleged the City and its police officers were negligent in pursuing Sims. Broome v. City of Columbia, 952 So.2d 1050, 1052 (¶ 7) (Miss.Ct.App.2007). A bench trial was held, and the trial court found the City was immune under the Mississippi Tort Claims Act. Id. at (¶ 9). The trial court’s judgment was affirmed on appeal. Id. at 1051-52 (¶¶ 2, 8-9).
¶ 36. This issue was not raised before the trial court and, thus, is not proper before this Court. See Sumrell v. State, 972 So.2d 572, 575 (¶ 11) (Miss.2008). Further, there was no basis for the judge to recuse himself. Canon 3E(l)(a) of the Code of Judicial Conduct states that a judge must disqualify himself if “the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....” There is no evidence of personal bias or- prejudice against Sims, and there were no disputed evidentiary facts, as Sims entered a plea. This issue is procedurally barred and without merit.
V. VOLUNTARINESS OF PLEA
¶ 37. “A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A plea is “voluntary and intelligent” when the defendant is advised of the nature of the charge against him and the consequences of the plea. Id.
¶ 38. Sims argues his plea was not knowingly and intelligently given because the trial judge was biased, his attorney allowed him to plead guilty to a defective indictment, and he was denied a separate hearing on restitution. We have addressed these issues and found them to be without merit. Further, Sims testified at the plea hearing that he had not been threatened, mistreated, or pressured into pleading guilty. He stated that he understood his plea, and he had received no promises in exchange for pleading a certain way. “Great weight is given to statements made under oath and in open court during sentencing.” Gable v. State, 748 So.2d 703, 706 (¶ 11) (Miss.1999). Sims has presented no evidence to contradict the statements he gave under oath during sentencing.
VI. EVIDENTIARY HEARING
¶ 39. Sims argues the trial court erred in denying his PCR motion without an evidentiary hearing.
¶ 40. A trial court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits!,] and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Supp.2012). The trial court acted within its discretion in finding that Sims’s PCR motion was procedurally barred. Since it was plain from the face of the motion that it was barred, there was no need for an *326 evidentiary hearing. This issue is without merit.
VII. DISCOVERY
¶ 41. Finally, in an addendum to his brief, Sims argues the State failed to provide him with an “item package” from the Columbia Police Department regarding the aggravated assault of Broome. He states he had received these materials on Stevens and Robinson, but no packet was sent after he was indicted on Count III relating to Broome.
¶ 42. Sims argues the contents of this package would have affected the outcome of his case had it gone to trial. However, Sims does not state what this package-would have contained. We first note that this issue is not properly before this Court, as it was not raised in his PCR motion before the trial court. See Sumrell, 972 So.2d at 575 (¶ 11). Further, by choosing to enter a plea, Sims “waived his right to receive evidence which may have been presented through discovery.” Swift v. State, 815 So.2d 1230, 1234 (¶ 12) (Miss.Ct.App. 2001) (citing Jefferson v. State, 556 So.2d 1016,1019 (Miss.1989)).
¶ 43. Within this issue, Sims argues that he was never formally charged with committing aggravated assault against Broome. Again, this issue was not raised before the trial court and is not proper before this Court. This issue is also without merit because the indictment returned on March 2, 2005, formally charged Sims with aggravated assault against Broome.
¶ 44. All of Sims’s issues raised on appeal are proeedurally barred or, alternatively, without merit. The trial court’s dismissal of Sims’s PCR motion is affirmed.
¶ 45. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
IRVING AND GRIFFIS, P.JJ., CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND ISHEE, J. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.

. North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We acknowledge that there is a handwritten note at the top of Sims’s guilty-plea petition that says “in best interest.” However, when asked during his plea colloquy how he pleaded to aggravated assault, Sims responded, "Guilty.” Nothing appears in the record indicating that Sims asserted his innocence to any of the three aggravated-assault charges. This is inconsistent with a plea under Alford, which occurs when a defendant is unwilling to admit his or her participation in the acts constituting a crime. Id.

. This entire issue of restitution appears to be a "tempest in a teapot.” Sims will likely never be required to pay any restitution to any victim for any aggravated assault. Shortly after his release on post-release supervision, he committed a capital murder and received a sentence of life without parole as a habitual offender for the kidnapping and brutal murder of an innocent ten-year-old child. That conviction has been affirmed by this Court on direct appeal, and certiorari was denied by the Mississippi Supreme Court. Sims v. State, 93 So.3d 37, 42 (¶ 27) (Miss.Ct.App.2011) (rehearing denied May 1, 2012), cert. denied, 95 So.3d 1274 (Miss.2012).