ON WRIT OF CERTIORARI

LAMAR, Justice,
for the Court:
¶ 1. In a multi-count indictment, Johnny Ray Sims was charged with three counts of aggravated assault, with each count alleging a separate victim. The trial court subsequently accepted the defendant’s best-interest guilty plea to one count of aggravated assault and dismissed the remaining counts. As part of his sen *302 tence, Sims was ordered to pay restitution to an alleged victim named in one of the dismissed counts. More than three years later, Sims filed a petition for post-conviction relief, raising a claim of illegal sentence, among several other claims. The trial court dismissed Sims’s petition as time-barred and successive, and the Court of Appeals affirmed the dismissal.[1] We granted Sims’s petition for writ of certiora-ri to review his claim that restitution related to a dismissed charge was improper.
FACTS
On September 13, 2003, Sergeant Pearlie Hendricks saw Sims’s vehicle outside an AutoZone store in Columbia, Mississippi. Sergeant Hendricks knew Sims and believed he had warrants for his arrest. She contacted dispatch to confirm that the warrants were active, and they were. Sims’s girlfriend, Angelina Robinson, was a passenger in the vehicle. When Sergeant Hendricks approached the vehicle, she asked Robinson to open the door. Robinson complied. Sergeant Hendricks tried to speak to Sims through the opening, but Sims told Robinson to close the door. He then drove off at a high rate of speed with police officers in pursuit. During the pursuit, Sims ran a red light and collided with a vehicle driven by Mary Beth Broome. Sims continued to drive, striking a second vehicle driven by Virgie Stevens. Sims’s vehicle then struck a tree, injuring Robinson. Sims exited the vehicle and fled on foot.[2]
¶ 2. Based on these events, Sims was indicted on three separate counts of aggravated assault: Count I for injuries to Virgie Stevens (driver of the second car), Count II for injuries to Angelina Robinson (Sims’s passenger), and Count III for injuries to Mary Beth Broome (driver of the first car).
¶ 3. Sims entered a “best interest” or Alford plea to the count of aggravated assault that pertained to Mary Beth Broome.[3] Upon recommendation of the State, the trial court dismissed the two remaining counts of aggravated assault, but ordered Sims to pay restitution to Mary Beth Broome and Virgie Stevens. Sims was ordered to pay $4,000 to Broome and $6,000 to Stevens.
¶ 4. Sims petitioned for post-conviction relief in the trial court, and his petition was dismissed as time-barred and successive. Addressing the merits, the Court of Appeals affirmed the dismissal and rejected Sims’s argument that restitution to Stevens was an illegal punishment.
STANDARD OF REVIEW
¶ 5. To succeed on appeal from a trial court’s dismissal of a motion impost-conviction relief, the defendant must demonstrate that the trial court’s decision was “clearly erroneous.”[4] When questions of law are raised, the appellate court will examine such issues de novo.[5]
DISCUSSION
¶ 6. In this case, the trial court dismissed Sims’s petition as time-barred, *303 applying the three-year statute of limitations found in Mississippi Code Section 99-39-5(2). Sims claims that the trial court could not legally order him to pay restitution to the alleged victim of a crime for which he was not convicted. As this Court has recognized, an illegal punishment is an exception to post-conviction procedural bars.[6] Therefore, we will address the merits of Sims’s petition.
¶7. The restitution statute provides that “[w]hen a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.”[7] Prior to accepting his plea of guilty, the trial judge asked the prosecutor to state for the record the facts the State could prove if the case went to trial. The State’s offer of proof at the plea hearing established that Sims struck two vehicles and crashed his car into a tree during a high-speed chase he initiated in an attempt to flee law-enforcement officers. As a result of the collisions, three women were injured and incurred medical expenses. Following the State’s recitation of the facts, the court said “then, Johnny Ray Sims, before I accept your plea, is there anything you want to change about what we’ve gone over?” Sims replied, “No, sir.” As such, it was undisputed that three people suffered pecuniary damages as a result of Sims’s criminal activities. The trial court was well within its discretion to impose restitution for the benefit of any victim “whom the court determines ... suffered pecuniary damages as a result of the defendant’s criminal activities.” [8]
¶ 8. Sims pleaded guilty to the charge of aggravated assault against Broome and was ordered to pay restitution to Broome and Stevens. In exchange, the State agreed to dismiss the charges of aggravated assault against Stevens and Robinson. Sims argues that ordering him to pay restitution to Stevens without a corresponding aggravated-assault conviction constituted a legally void punishment to which Sims could not agree. We disagree.
¶ 9. Our caselaw is abundantly clear that a defendant can forego rights— even constitutional rights — in order to avoid more severe punishment.[9] This Court in the Butler decision found that:
Although the authority to impose restitution flows from the adjudication of guilt or the defendant’s plea of guilty, *304 that is not to say that restitution may not be imposed at any stage of the criminal process through informal, government-sanctioned compromises and settlements between offender and victim so long as detention is not used to induce an agreement.[10]
Sims was ably represented and advised of his constitutional rights when he stood before the Court and entered a plea of guilty. Paragraph 11 of Sims’s sworn plea petition states:
I declare that no officer or agent of any branch of government (Federal, State or Local) has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead “GUILTY”, except: Drop 2 Counts of Aggravated Assault.
So in exchange for his plea of guilty, two aggravated-assault charges against Sims were dismissed. We find Sims waived any objection to the restitution order. The restitution statute states that “[i]f the defendant objects to the imposition, amount, or distribution of restitution the court shall, at the time of sentencing, allow him to be heard on such issue.”[11] But if the defendant fails to object at the time of sentencing, he waives any objection to the imposition, amount, or distribution of restitution.[12] Neither Sims nor his attorney ever objected — either at the plea hearing or two weeks later at the sentencing hearing — to the imposition of the restitution or the amount or the distribution of the restitution ordered. Sims should not now be allowed to complain.[13] For these reasons, we affirm the trial court’s dismissal of Sims’s petition for post-conviction relief and the Court of Appeals’ affirmance thereof.
¶10. AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P. J., CHANDLER AND KING, JJ.

. Sims v. State, 134 So.3d 317, 322-23 (Miss.Ct.App.2013).

. Sims, 134 So.3d at 319-20.

. See North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (under a "best interest plea," the accused "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.”).

. Brown v. State, 731 So.2d 595, 598 (Miss. 1999).

. Id.

. Rowland v. State, 98 So.3d 1032, 1036 (Miss.2012); see also Miss.Code Ann. § 99-39 — 5(1)(a) (Rev.2007) (providing an exception for illegal sentences).

. Miss.Code Ann. § 99-37-3 (Rev.2007). The restitution statute includes the following definitions:
"Criminal activities” shall mean any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.
Miss.Code Ann. § 99-37-l(a).
"Restitution” shall mean full, partial or nominal payment of pecuniary damages to a victim.
Miss.Code Ann. § 99-37-l(c).
“Victim” shall mean any person whom the court determines has suffered pecuniary damages as a result of the defendant’s criminal activities.
Miss.Code Ann. § 99 — 37—1(d).

. Miss.Code Ann. § 99-37-l(d).

. See Twillie v. State, 892 So.2d 187 (Miss.2004). In Twillie, the defendant moved to withdraw his guilty plea to life without the possibility of parole, alleging it “was an impermissible ex post facto application of the law.” Id. at 188. The trial court denied Twillie’s motion and Twillie appealed. Id. This Court affirmed the denial, finding Twillie had knowingly and intelligently waived his ex post facto claim based on the transcript of his plea-hearing testimony. Id. at 191.

. Butler v. State, 544 So.2d 816, 821 (Miss.1989).

. Miss.Code Ann. § 99-37-3(3) (Rev.2007).

. Shook v. State, 552 So.2d 841, 851 (Miss.1989); see also Harris, 757 So.2d at 199, and Powell v. State, 536 So.2d 13, 17 (Miss.1988).

. Shook, 552 So.2d at 851.