# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01377-COA

**JOHNNY RAY SIMS A/K/A JOHNNY R. SIMS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                          APPELLEE

DATE OF JUDGMENT:                    09/07/2016
TRIAL JUDGE:                               HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:   MARION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         JOHNNY RAY SIMS (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                               BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:                  CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                              AFFIRMED - 09/12/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., ISHEE AND FAIR, JJ.

### LEE, C.J., FOR THE COURT:

¶1.     This appeal concerns whether the trial court properly dismissed Johnny Ray Sims's third motion for postconviction relief (PCR). Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     In 2005, Sims pleaded guilty to one count of aggravated assault. The charge resulted from a car chase in which Sims, fleeing the police with his girlfriend, struck two other cars. Sims was initially charged with three counts of aggravated assault—Counts I and III involved the car-accident victims, and Count II involved Sims's girlfriend. The State dismissed Counts I and II. He was sentenced to twenty years, with one year and two months to serve and the remainder on postrelease supervision. Sims was also ordered to pay restitution to the

two victims of the car accidents. In 2006, Sims's postrelease supervision was revoked after he was charged with capital murder.[1]

¶3. Sims filed his first PCR motion in 2007, which the trial court summarily denied. Sims filed his second PCR motion in 2008, raising several issues, one of which was that ordering him to pay restitution to the victim in Count I resulted in an illegal sentence. The trial court dismissed Sims's PCR motion, finding it was subject to the time bar and successive-writ bar as well as without merit. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) (time-bar); Miss. Code Ann. § 99-39-23(6) (Rev. 2015) (successive-writ bar). This Court affirmed in *Sims v. State*, 134 So. 3d 317, 326 (¶44) (Miss. Ct. App. 2013) (*Sims I*). The Mississippi Supreme Court granted certiorari and affirmed. *Sims v. State*, 134 So. 3d 300, 302 (¶1) (Miss. 2014) (*Sims II*).

¶4. Sims filed his third PCR motion in February 2016, arguing one of the same issues raised in his second PCR motion and ruled upon in *Sims I* and *Sims II*—that his sentence was illegal because he was ordered to pay restitution to the victim in Count I, even though that count was dismissed. The trial court dismissed Sims's motion, finding that Sims's PCR motion was a successive writ and without merit. Sims now appeals, asserting that the trial court erred in dismissing his PCR motion.

**STANDARD OF REVIEW**

¶5. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's

---

[1] *See Sims v. State*, 93 So. 3d 37 (Miss. Ct. App. 2011) (affirmed capital-murder conviction and sentence).

legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶6.     Sims takes issue with the trial court's dismissal of his motion as a successive writ. Sims argues that the trial court was required to address the merits of his PCR motion since he claimed his sentence was illegal, and errors affecting fundamental rights are excepted from procedural bars. The trial court found that Sims's PCR motion was a successive writ, and Sims had not overcome the procedural bar, stating it could find "no basis for the truth of [his] claim." The trial court also determined that Sims's claim was without merit since the supreme court had already ruled on the same issue in *Sims II*.

¶7.     As previously stated, this is Sims's third PCR motion. And section 99-39-23(6) provides that any order dismissing or denying a petitioner's motion for relief "is a final judgment . . . [and] shall be a bar to a second or successive motion[.]" To circumvent this procedural bar, Sims must assert a cognizable claim involving the violation of a fundamental constitutional right. *See Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). The right to be free from an illegal sentence is a fundamental constitutional right. *Bosarge v. State*, 141 So. 3d 24, 26 (¶7) (Miss. Ct. App. 2014). Sims's third PCR motion raises the same issue of illegal sentence raised in his second PCR motion—the trial court found that Sims was attempting to "re-argue" the illegal-sentence issue, implying res judicata barred Sims's claim. "[A]n issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may not be raised again by a PCR movant." *Savinell v. State*, 147 So. 3d

3

862, 863 (¶7) (Miss. Ct. App. 2014) (quotation omitted). The Mississippi Supreme Court held in *Smith v. State*, 149 So. 3d 1027, 1032 (¶11) (Miss. 2014), that "neither the common law nor our own constitutional law applies the doctrine of res judicata to constitutional claims."

¶8.     However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015). As stated, Sims claims his sentence was illegal because he was ordered to pay restitution to a victim whose count was dismissed.

¶9.     In *Sims I*, this Court determined that Sims waived the restitution issue since he failed to object. *Sims I*, 134 So. 3d at 322 (¶23). We also determined that the sentence was not illegal. *Id*. at 322-23 (¶¶24-25). In *Sims II*, the supreme court affirmed *Sims I*, finding that Sims waived any objection to the restitution order. *Sims II*, 134 So. 3d at 304 (¶9). The supreme court further held that "the trial court was well within its discretion to impose restitution for the benefit of any victim 'whom the court determines . . . suffered pecuniary damages as a result of [Sims's] criminal activities.'" *Id.* at 303 (¶7) (quoting Miss. Code Ann. § 99-37-1(d) (Rev. 2015)). Upon review, we find no reason to rule differently on Sims's claim at this time. This issue is without merit.

¶10.    Sims also argues that the trial court erred in finding that his PCR motion was frivolous. The trial court stated Sims's third PCR motion was frivolous and warned Sims that he would be subject to sanctions if he filed a future frivolous claim. It is within a trial

court's discretion to determine whether a PCR motion is frivolous. *See Pickle v. State*, 64 So. 3d 1009, 1012 (¶11) (Miss. Ct. App. 2010). Here, the trial court determined Sims's third PCR motion was successive and could find "no basis for the truth of Sims's claim." We find no abuse of discretion here.

¶11. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**