# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00201-COA

**OTIS BRABOY**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:                12/13/2018
TRIAL JUDGE:                     HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:       BOLIVAR COUNTY CIRCUIT COURT,
                                 SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:          OTIS BRABOY (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: JOHN R. HENRY JR.
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 12/17/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Otis Braboy pleaded guilty to manslaughter and armed robbery.  Appearing pro se, he now appeals the denial of his motion for post-conviction collateral relief (PCR).  Finding no error, we affirm.

## STATEMENT OF FACTS

¶2.     In January 2006, Braboy and Emerson Osborne devised a plan to rob eighty-six-year-old Lucy Jackson, who lived alone in Shelby, Mississippi.  Using Jackson's acquaintance from church to get her to unlock and open her door, Braboy and Osborne invaded her house and robbed her of around forty dollars.  Jackson died from blunt-force trauma to her head.

¶3.     All three individuals involved in the crime were initially indicted on one count of capital murder with the underlying felony of robbery.[1] Braboy's capital-murder charge was ultimately reduced to manslaughter and armed robbery. Braboy waived indictment and arraignment, consenting to proceed on criminal information for these charges. The trial court created separate cause numbers for each charge. The criminal information documents stated Braboy, either acting individually, in concert, or aiding and abetting Osborne, killed Jackson in the heat of passion using a bludgeon, or stick, while robbing her of thirty-five to forty dollars.

¶4.     In April 2009, Braboy pleaded guilty to the two separate charges of manslaughter and armed robbery. The trial court sentenced Braboy to twenty years for the manslaughter charge and fifteen years for the robbery charge, to be served consecutively in the custody of the Mississippi Department of Corrections.

¶5.     In November 2018, Braboy filed a PCR motion, claiming it was improper for the trial court to impose consecutive sentences when the sentences arise from convictions involving the same set of operative facts. Braboy requested either the sentences be served concurrently or that one conviction and sentence be vacated.

¶6.     The trial court, however, denied relief, noting that the cases Braboy relied upon were decided before 1986, when the Mississippi Legislature enacted Mississippi Code Annotated section 99-7-2, which allows for multi-count indictments. The statute, which has not been

---

[1] *See Osborne v. State*, 54 So. 3d 841, 843 (¶3) (Miss. 2011). Osborne went to trial, was found guilty of capital murder, and was sentenced to life imprisonment without eligibility for parole. *Id.* The third individual pleaded guilty to a lesser charge.

amended since 1986, also states the trial court may impose sentences to run either concurrently or consecutively to one another. Miss. Code Ann. § 99-7-2(5) (Rev. 2015). Lastly, the trial court found Braboy's PCR motion was time barred. Braboy appealed.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's decision to deny a petition for post-conviction relief, [the appellate court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Bester v. State*, 188 So. 3d 526, 528 (¶4) (Miss. 2016) (quoting *Twillie v. State*, 892 So. 2d 187, 189 (¶6) (Miss. 2004)). Questions of law are reviewed de novo. *Id.*

## DISCUSSION

### 1. Time Bar

¶8. Mississippi Code Annotated section 99-39-5 (Rev. 2015) of the Uniform Post-Conviction Collateral Relief Act provides that after a guilty plea, a PCR motion shall be made within three years of the judgment of conviction. The trial court sentenced Braboy in May 2009, and he filed his PCR motion in November 2018, over nine years after the entry of judgment. As such, the trial court found Braboy's motion time barred.

¶9. Braboy argues his motion is excepted from the procedural time-bar under *Rowland v. State*, 98 So. 3d 1032 (Miss. 2012) (*Rowland II*), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 34 (¶40) (Miss. 2017). *Rowland II* held that "a claim of illegal sentence or denial of due process in sentencing . . . must be considered regardless of when it is raised, because the State is without authority or right to impose a sentence illegally or

without due process." *Id.* at 1036 (¶6). Because Braboy raised these claims in his PCR motion, we shall discuss their merits.

### 2. Sentence

¶10. Braboy claims his sentence was illegal because the trial court may not impose consecutive sentences for convictions from two separate crimes that involve the same set of operative facts. He raises four issues related to this claim: (1) the trial court erred in "pyramiding" multiple punishments arising out of the same set of operative facts; (2) the trial court improperly imposed a consecutive sentence; (3) counsel was ineffective for failing to object to these errors; and (4) due process was violated because the trial court allowed Braboy to plead guilty.

¶11. Braboy's arguments are based on the fact he was "indicted in a single multi-count indictment with a charge of murder and the underlying offense of armed robbery." The State responds that since Braboy failed to support his claim by making the indictment part of the record, it must fail. However, this Court, on its own motion, ordered the record supplemented with several documents, including the indictment. The original indictment of January 18, 2006, though, was not included in the record supplement; however, Braboy was ultimately not convicted under it. Three years after this initial indictment, Braboy waived indictment and arraignment, and the State proceeded "on criminal information" against him for the lesser charges of manslaughter and armed robbery.[2] The trial court

---

[2] At the plea hearing, the trial judge stated that Braboy was originally charged with capital murder, which was reduced to manslaughter. *See also Osborne*, 54 So. 3d at 843 (¶3).

4

created separate cause numbers for each crime. The "Criminal Information" documents for each charge, included in the supplement to the record, were read into the record by the prosecution at Braboy's April 30, 2009 plea hearing. Accordingly, Braboy was not indicted on a "single, multi-count indictment."

¶12. However, even if Braboy had been charged by a multi-count indictment, it would not have been improper. Braboy claims "multiple punishments growing out of the same set of operative facts cannot be 'pyramided,'" citing *Thomas v. State*, 474 So. 2d 604, 605 (Miss. 1985). However, *Thomas* and the other cases Braboy cites in support were decided before the enactment of the Mississippi Code Annotated section 99-7-2 that became effective July 1, 1986, and allows for multi-count indictments. While Braboy insists that *Thomas* had not been overruled by statute, he is incorrect.

¶13. Section 99-7-2 provides that "two or more offenses properly charged in separate counts of a single indictment may be tried in a single proceeding where 'the offenses are based on the same act or transaction' or 'the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.'" *Brown v. State*, 232 So. 3d 804, 808 (¶11) (Miss. Ct. App. 2017) (quoting Miss. Code Ann. § 99-7-2(1); *Rushing v. State*, 911 So. 2d 526, 532 (¶13) (Miss. 2005)). In 1988, the Mississippi Supreme Court explained that while historically the court had "disapproved of a single multiple count indictment," the Legislature made multi-count indictments unobjectionable "as a matter of state policy" with the enactment of section 99-7-2. *Woodward v. State*, 533 So. 2d 418, 422 (Miss. 1988). Section 99-7-2(5) further provides that the trial court may

"impose . . . sentences to run either concurrently with or consecutively to each other . . . ." Therefore, Braboy's claim of an illegal sentence fails.

¶14. Braboy's other arguments related to ineffective assistance of counsel and due process based upon the sentencing and plea issues fail as well. The trial court did not err in sentencing Braboy to serve consecutive sentences, and his counsel was not ineffective for failure to object to consecutive sentencing. Finally, there was no due-process violation during Braboy's plea proceedings. His charges, guilty pleas, and sentences were all proper.

¶15. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**